PER CURIAM.
Defendant Donald Dura was charged by bill of information with simple burglary of a pharmacy, in violation of La.R.S. 14:62.1. The trial court thereafter accepted defendant’s plea to the lesser offense of attempted simple burglary, La.R.S. 14:27; 14:62, and on July 21, 1981, sentenced him to serve three years at hard labor in the custody of the Louisiana Department of Corrections. By this appeal, defendant urges that the trial court erred in imposing an excessive sentence, La.Const.1974, Art. 1, § 20, and in failing to justify an apparently severe sentence according to the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1. After reviewing this assignment, we conclude that a remand for resentencing is warranted.
At the sentencing hearing, the trial court emphasized only the seriousness of this offense, noting that the burglary had been the subject of some “advance planning and forethought” and that a “sizeable quantity of controlled substances” had been taken. Questioning by the trial judge elicited defendant’s admission of heavy narcotics usage, an aggravating factor which, in the trial court’s view, necessitated a relatively lengthy period of incarceration.
This limited recitation, however, virtually ignored this Court’s repeated warning that “the sentencing court should indicate that it has considered not only circumstances militating for incarceration, but also any mitigating factors.” State v. Franks, 373 So.2d 1307, 1308 (La.1979). Our review of the record reveals numerous such factors not addressed by the sentencing judge, most notable of which include the defendant’s youth, his steady employment, and his continued support of wife and family. The presentence report suggests that the instant offense resulted directly from the accused’s then-deepening dependence on narcotic drugs, a dependency which developed only after the brutal murders of his first wife and child at the hands of a released mental patient. Because the brief sentencing statement given by the trial court fails to provide an adequate factual basis for the apparently severe sentence imposed on this first offender, see, State v. Telsee, 404 So.2d 921 (La.1981), we vacate the sentence imposed and remand the case for resentenc-ing in accordance with the guidelines enumerated in La.C.Cr.P. Art. 894.1.
*1245 CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
WATSON and LEMMON, JJ., dissent from remand.