LABORDE, Judge.
Defendant, Annie Louise Lewis, was charged by separate bills of information with two counts of distribution of a controlled dangerous substance (CDS) and with one count of possession with intent to distribute a CDS.[1] Defendant pleaded guilty as charged on each of the three offenses and, subsequent to the preparation of a presentence investigation report and a pre-sentence hearing, she was sentenced equally on all three counts to terms of six years at hard labor, the sentences to run concurrently, a fine of $1,200.00 on each count (a total of $3,600.00) and court costs.[2] Defendant has upon this appeal perfected seven assignments of error. These assignments allege that the sentences imposed are unconstitutionally excessive, that the trial court failed to properly follow the guidelines of LSA-C. Cr.P., art. 894.1, and that the trial court gave erroneous conclusions and reasons in imposing the sentences.
FACTS
In early April, 1981, the Sheriff’s Office in LaSalle Parish was conducting an investigation into reported illegal drug activity. Pursuant to that investigation, two officers from the Alexandria Police Department were enlisted as undercover agents. One location, suspected of involving drug activity, was Brewer’s Grocery. The agents made contact at that store with Benny C. Brewer and defendant, who then operated a small garden store adjacent to Brewer’s Grocery and who was, also, living with Brewer.[3] The agents were told that “Bingo” Brewer could supply them with illegal drugs, and at some time prior to April 15, 1981, “Bingo” did sell the agents marijuana.[4]
On April 15,1981, the agents saw defendant at the residence of a common acquaintance. Defendant summoned one of the agents to her car and sold him a bag of marijuana for $70.00. According to that agent, he had discussed on several occasions the possibility of purchasing larger amounts *636 of both marijuana and cocaine from defendant. Defendant denied that she had ever offered to sell the agents large amounts of CDS. And on April 22, 1981, while at Brewer’s Grocery, the same agent was asked by defendant if he would like to purchase one gram of methamphetamine for $115. He agreed to do so, and the sale was consummated.
A warrant for defendant’s arrest was subsequently executed on April 27, 1981, while she was attending the grocery store. In a search of defendant’s personal effects at the Sheriff’s Office, four small packets of marijuana and a .38 caliber pistol were seized from her purse. Those four packets are the basis for the conviction of possession of njarijuana with intent to distribute.
Defendant pleaded guilty to all three charges and was sentenced to three concurrent sentences of six years at hard labor, a $1,200.00 fine on each count plus court costs. Upon this appeal, defendant contends that the trial court erred in imposing an excessive sentence in violation of LSA-Const. art. I, § 20, in its application of LSA-C.Cr.P. art. 894.1, and in reaching erroneous conclusions, which purported to substantiate the sentences imposed. Due to the interrelated nature of defendant’s seven assignments of error, we choose to address them conjunctively.
Defendant alleges that her exposure to a possible six-year term of imprisonment[5] is unconstitutionally violative of Art. I, § 20 of the Louisiana Constitution of 1974. That provision in part provides that:
“No law shall subject any person to euthanasia, to torture, or to cruel, EXCESSIVE, or unusual punishment.” (Emphasis supplied.)
The Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), held that Article I, § 20 created the power of appellate review for excessiveness of sentences imposed within the statutory guidelines.[6] Sentences have been deemed excessive when the penalty imposed, in light of the harm suffered by society, is so disproportionate to the crime committed as to shock the senses of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Article 894.1 of the Code of Criminal Procedure aids both the trial judge in the exercise of his broad discretion and this Court in reviewing sentences for excessiveness. That article reads as follows:
“A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission;
*637 (6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.”
In imposing sentence, the trial judge is called upon to individualize the sentence to both the offender and the offense.
Although Article 894.1 aids the trial judge in the exercise of his function, a less than rigid application of that article’s provisions does not necessitate a remand. State v. Landos, 419 So.2d 475 (La.1982); State v. Hogan, 403 So.2d 1210 (La.1981). Where the record sufficiently indicates that the trial court has considered the proper sentencing criteria, although strict compliance with Article 894.1 was not achieved, the Supreme Court has held that an adequate excessiveness review is possible without the need for remanding the case. State v. Sims, 410 So.2d 1082 (La.1982); State v. Cox 369 So.2d 118 (La.1979).
The trial judge is afforded wide discretion when imposing sentences within the statutory limits, which will not be disturbed in the absence of a manifest abuse of that discretion. State v. Reed, 409 So.2d 266 (La.1982). However, the record must indicate that the trial court properly considered mitigating circumstances, and the failure to do so will result in a remand for resentenc-ing. State v. Dura, .414 So.2d 1243 (La. 1982); State v. Ezernack, 408 So.2d 907 (La.1981).
In the instant case, it appears that the lower court adequately complied with the sentencing guidelines, and the record is replete with its considerations and reasoning. This being true, the following standard of review is applicable.
“Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive absent manifest abuse of the trial judge’s sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, supra. The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980).”
State v. Smack, 425 So.2d 737, 740 (La. 1983).
In exercising our appellate function, we must be ever mindful that we should not simply substitute our subjective judgment for that of the trial judge, who was aware of the evidence that only a fact finder, who was present during the evidentiary showing, would know. Rather, we must determine whether a manifest abuse of discretion has occurred. State v. Douglas, 389 So.2d 1263 (La.1980).
The crime of distribution of a CDS is a serious crime for which the legislature has imposed stiff penalties. In the instant case, ten years was the possible imprisonment term on each of the first two counts. Defendant made two sales (one of marijuana and one of methamphetamine) within one week to the same undercover agent. Because the offenses were based on different transactions, defendant could have been subject to consecutive sentences totaling twenty years. LSA-C.Cr.P. art. 883. Each of the two sales involved one packet of contraband. The third charge, possession of marijuana with intent to distribute, en *638 sued from the seizure of four packets of marijuana from defendant’s purse on the day of her arrest. As this occurred six days after defendant’s last sale to the agent, it is, also, arguable that the ten year possible prison term under Article 883 could have been ordered to be served consecutively with the other two sentences, thus exposing defendant to a possible imprisonment term of thirty years. The trial judge noted this possibility in imposing three concurrent sentences of six years each.
The trial court opined that defendant’s dependence on medication (anti-depressant and anti-psychosis drugs, which defendant had been using under her doctor’s orders for some time) made her unstable and likely to return to the use of illegal drugs.[7] He also opined that a term of imprisonment would help defendant break her associations with her drug background. The trial judge, additionally, stated that he believed defendant’s CDS sales were indiscriminate. In support of this, one of the undercover agents had testified that defendant discussed selling larger amounts of cocaine and marijuana to him. Defendant denied making any such statements, saying that the two sales were the only ones she had ever made, and that the agents had pressured her in each of those instances. This is controverted by the purchasing agent’s testimony. Additionally, it is interesting to note that the trial court’s stated reasons for imposing a term of imprisonment appear to be for the benefit of defendant. He stated that the availability of medical care while defendant was incarcerated would insure that she receive the proper diet and medi-cátion. He further stated that it (imprisonment) would remove her availability to illegal drugs and alcohol.
After a thorough review of the record, we are unable to conclude that the trial judge abused his wide discretion in imposing this sentence. State v. Abercrumbia, 412 So.2d 1027 (La.1982). The penalty imposed is not so disproportionate to the crime as to shock our sense of justice. Therefore, we do not find defendant’s sentence to be unconstitutionally excessive.
As stated in footnote 2, a portion of the sentence imposed is erroneous. The trial court, during sentencing, ordered that defendant’s driving privileges be canceled. Although this portion of the sentence has not been appealed, illegal sentences are errors patent for purposes of LSA-C.Cr.P. art. 920. State v. Jones, 341 So.2d 3 (La. 1976). The only possible authority for the lower court’s sentence may be found in LSA-R.S. 32:414(B)(3) which reads as follows:
“B. The department shall forthwith revoke the license of any person, for a period of twelve months, upon receiving satisfactory evidence of the conviction or of the entry of a plea of guilty and sentence thereupon or of the forfeiture of bail of any such person charged with any of the following crimes:
⅝8 * * * * *
(3) Any felony in the commission of which a motor vehicle is used; ”
“The department” refers to the Department of Public Safety. LSA-R.S. 32:401(2). Apparently, the trial court believed that defendant’s sale of the marijuana to the undercover agent from her car empowered him to indefinitely cancel her driving privileges. No authority for this action can be found. Therefore, the portion of defendant’s sentence which suspends her driving privileges is reversed and set aside.
For the foregoing reasons, defendant’s sentence is reversed and set aside in so far as it suspends her driving privileges and in all other respects, the sentence is affirmed. All costs are assessed to defendant-appellant.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.

. Legislative enactments, subsequent to the dates of the instant offenses, have reclassified marijuana from a Schedule II to a Schedule 1 CDS. Acts 1981, No. 800, § 4, effective August 2, 1981. Therefore, distribution and possession with intent to distribute marijuana are now prohibited by LSA-R.S. 40:966(A)(1). With the exception of the words “may be sentenced to” (emphasis added) in R.S. 40:967(B)(3), which refers to the possibility of a fíne, the penalty provision now applicable in LSA-R.S. 40:966(B)(2) is unchanged.

. A .38 caliber pistol, seized from defendant’s purse pursuant to her arrest, was ordered forfeited, and defendant’s driving privileges were indefinitely suspended but this portion of the sentence has not been appealed. The former penalty is apparently appropriate under LSA.C. Cr.P. art. 891, but the latter is an illegal sentence, which will be discussed infra.

. The relationship between defendant and Brewer has since broken, and defendant has married a Thomas E. Fairbanks, who works as a carpenter and operates a service station in Jena.

. As a result of this investigation, “Bingo” Brewer, AKA Bennie Joe Brewer, pled guilty to distribution of marijuana and was sentenced to 3l/2 years at hard labor. Bennie C. Brewer, with whom defendant had been living, was also sentenced on a charge of distribution of a CDS to six years at hard labor. His appeal is presently lodged before this court. State v. Brewer, 436 So.2d 631.

. The trial court correctly noted that defendant would be eligible for parole in two years. LSA-R.S. 15:574.4(A).

. This reading of the state constitution has not gone unchallenged. See, e.g., State v. Goodman, 427 So,2d 529 (La.App. 3rd Cir.1983) (J. Domengeaux, concurring).

. Defendant admitted that she had smoked marijuana to alleviate her severe health problems. Although not issued under a prescription, the record tends to support defendant’s contentions that the marijuana helped her stomach problems. In fact, the trial judge believed defendant used the marijuana for health reasons.