449 So.2d 654 (1984)
STATE of Louisiana
v.
Robert C. SWIFT.
No. KA-1450.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*655 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
John Wilson Reed, Glass & Reed, New Orleans, for defendant-appellant.
Before GULOTTA, GARRISON and BARRY, JJ.
BARRY, Judge.
Defendant Robert Swift was convicted by a jury of simple burglary of an inhabited dwelling, LSA-R.S. 14:62.2. After pleading guilty to a multiple offender bill based on a prior conviction for simple burglary, he was sentenced to the maximum 24 years at hard labor. Defendant only appeals his sentence.
Although defendant has not challenged the sufficiency of the evidence to support his conviction, we have reviewed the record. State v. Raymo, 419 So.2d 858 (La.1982). We are convinced that under the test enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and State v. Fuller, 414 So.2d 306 (La.1982), a rational trier of fact could have found every element of the crime proven beyond a reasonable doubt. We also feel the evidence was sufficient to "exclude every reasonable hypothesis of innocence" as required to sustain a conviction on circumstantial evidence. State v. Shapiro, 431 So.2d 372 (La.1983).
This record does not, however, support imposition of a maximum sentence. In State v. Sepulvado, 367 So.2d 762 (La. 1979), our Supreme Court held that, "The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against punishment that is enforceable by this Court on appellate review of his conviction." Sepulvado mandated that the trial court articulate specific reasons for a sentence which is "apparently severe" in relation to the particular offender and the actual offense. While the trial court need not articulate every aggravating and mitigating circumstance delineated in the sentencing guidelines of C.Cr.P. Art. 894.1, the record must reflect that it considered these guidelines in particularizing the sentence to the defendant. State v. Kersey, 406 So.2d 555 (La.1981); State v. Vaughn, 378 So.2d 905 (La.1979).
Maximum sentences are reserved for those cases that involve the worst kind of defendants and the most serious violations *656 of the charged offense. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). When a sentence appears to be "apparently severe" or "disproportionately severe", the appellate court must vacate the sentence and remand for resentencing, in the absence of a factual basis for the sentence. State v. Lathers, 414 So.2d 678, 679-80 (La.1982); State v. Dura, 414 So.2d 1243, 1244 (La. 1982); State v. Russell, 397 So.2d 1319 (La.1981); State v. Telsee, 404 So.2d 921 (La.1981).
To be adequate, a court's sentencing statement must indicate that the court considered "not only circumstances militating for incarceration, but also any mitigating factors", State v. Franks, 373 So.2d 1307, 1308 (La.1979); statements must contain specific reasons "in relation to the particular offender and the actual offense", State v. Howard, 414 So.2d 1210, 1216 (La. 1982). The sentence "must be individualized, that is, adapted to the offender as well as the offense", State v. Lathers, supra, at 679.
Since the 24-year sentencethe maximum under LSA-R.S. 14:62.2 and R.S. 15:529.1is "apparently severe", we must review the record to determine if there was compliance with the provisions of C.Cr.P. Art. 894.1. The record does not indicate that a pre-sentence investigation was ordered or undertaken. The trial court's only inquiry as to defendant's personal circumstances concerned his date and place of birth (he was born in Mississippi on March 10, 1955). The trial judge did not state why this defendant is "more deserving than other persons in [his] offender class who have received lesser sentences for the same crime." See State v. Oubichon, 422 So.2d 1140, 1141 (La.1982). The trial judge made the following comments before imposing the maximum sentence:
I don't know what you fellows hope to gain by continually committing crimes and going back to the penitentiary. You should learn from the first time that you got to go when you get caught. And, you're almost a cinch to get caught. Obviously, you do not intend to conform to the rules of society. I can't give you a suspended sentence because you have a prior felony conviction, that makes you ineligible for it. Apparently, the only way to keep you from committing crimes is to keep you in jail as long as we can. Society must be protected. And, since that's the only way to do it, that's the way I'm going to do it. I mean, you're not the first one to come in here and get a maximum penalty. Most everybody that comes in here today, a multiple offender. And they're asking for the big time, you come to the right place for it, too.
Our Supreme Court and this Court have held that such conclusory statements, without individualizing the sentence to the particular defendant and the crime, are inadequate compliance with the mandatory provisions of Article 894.1. State v. Oubichon, supra; State v. Varrecchio, 430 So.2d 655 (La.1983); State v. Kenner, 384 So.2d 413 (La.1980); State v. Montero, 433 So.2d 426 (La.App. 4th Cir.1983).
We said in State v. Montero, supra, at p. 429:
As stated in State v. Lathers, the reviewing court will "vacate a sentence and remand for resentencing in those instances in which the sentence is disproportionately severe when viewed in light of the offense committed and the reasons for such sentence do not appear in the record." 414 So.2d 678 at 680.
The State suggests this burglary was especially heinous because defendant, hired to work for the landlord, violated a fiduciary trust by breaking into his house. We note, however, that defendant was not hired by the landlord and defendant had no employee relationship with the victim.
The sentencing procedure in this case is similar to that in State v. Oubichon, supra, at 1141, which said:
The present record assembled for our review in this case does not support the imposition of maximum sentences. The trial judge failed to perform his legal *657 duty required by C.Cr.P. art. 894.1 to articulate the reasons for his sentences demonstrating that these individual defendants should receive maximum penalties rather than other sentences within the statutory range. Upon imposition of the sentences, the trial judge denounced each defendant as a violent recidivist beyond any hope of rehabilitation. However, he failed to state the facts which support this conclusion and gave no reason for finding these particular defendants less reformable and more deserving of punishment than other persons in their offender classes who have received lesser sentences for the same crime. The state's brief points to no additional evidence in the record which supports the maximum sentences, and our independent scrutiny has failed to uncover adequate justification for the non-parolable sentences of 99 and 198 years.
Consequently, we find that there is a substantial possibility that the sentences are constitutionally excessive and will vacate the sentences and remand this case for resentencing in full, recorded compliance with article 894.1. Our decision does not represent a final judgment that sentences of this magnitude are impermissible in this case; however, it is a finding that the sentences are so severe as to be constitutionally excessive unless good reasons exist to distinguish these defendants and their crimes as deserving of the heaviest sentences possible when compared with other persons in the same offender classes guilty of the same offenses. State v. Wimberly, 414 So.2d 666 (La.1982).
We do not question the district court's discretion in determining what is a proper sentence. However, until the guidelines of C.Cr.P. Art. 894.1 are satisfied, we are unable to ascertain if this maximum sentence is warranted.
The defendant's conviction is affirmed; his sentence is hereby vacated and this matter remanded for resentencing in compliance with C.Cr.P. Art. 894.1
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.