ON APPLICATION FOR REHEARING
WILLIAMS, Judge.
Petitioner, Lawrence Sly, requests a rehearing of his appeal from a conviction and sentence for simple burglary, a violation of La.R.S. 14:62.
Judgment on the appeal of petitioner’s co-defendant, Richard Deverney, was rendered in State v. Sly, 443 So.2d 1163 (La. App. 4th Cir.1983). On October 5, 1983, the date his co-defendant’s appeal was argued before this court, petitioner’s motion for leave of court to file a brief after date of submission, was granted. This court did not originally consider his appeal in its judgment, because the brief was not timely filed.
Out of an abundance of caution, however, in order to afford the criminal defendant full justice, we have decided to address the issues presented in petitioner’s brief. Petitioner specifies that the trial court erred in: (1) requiring petitioner to go to trial without the retained counsel of his choice; and (2) sentencing petitioner to 12 years at hard labor as opposed to 6 years for his co-defendant, for violation of the same statute, La.R.S. 14:62.
*171 ASSIGNMENT OF ERROR NO. 1
After the trial of this case was called on March 2, 1982, Jasper Pharr for the first time requested permission to withdraw as counsel for petitioner. He explained that on February 26, 1982, petitioner’s wife had retained Milton Masinter and no longer desired Pharr’s services. Mr. Pharr tried to justify his failure to file a motion to withdraw as counsel by explaining that he had just learned of his replacement as defendant’s counsel that very morning of trial, and that his client “didn’t have a chance” to put Masinter’s name on the record before the day of trial. Masin-ter was unavailable, as he was representing another client in criminal court on the day of petitioner’s trial. The trial judge felt that the defendant and his counsel were engaged in a ploy to obtain a continuance and ordered the trial to proceed with Pharr, petitioner’s counsel of record, representing petitioner.
We find no abuse of discretion in the trial court’s decision to conduct the petitioner’s trial with the attorneys of record. No attempt was made to inform the court of any change in counsel before the actual commencement of the trial. We do not consider the defendant to have suffered any injustice.
ASSIGNMENT OF ERROR NO. 2
Petitioner contends that his sentence of 12 years at hard labor, twice as long as that given his co-defendant for conviction of the same crime, was an excessive one and failed to meet the requirements of Article 894.1 of the Louisiana Code of Criminal Procedure.
Although a sentence is within the statutory limit, in a particular case it may nevertheless be excessive. La. Const, art. 1, Section 20 (1974). State v. Sepulvado, 367 So.2d 762 (La.1979). The transcripts of the sentencing hearings of petitioner and his co-defendant indicate that the trial court considered the guidelines set forth in La.C.Cr.P. art. 894.1 in sentencing both parties. The court noted that in addition to the present charges, petitioner had a long list of arrests, a pending charge of open burglary of an inhabited dwelling, and a previous conviction for burglary. The court felt petitioner evinced no intent to rehabilitate and sentenced him to 12 years at hard labor. Petitioner’s co-defendant, the court noted, was on probation due to the conviction of a previous offense, and had a history of prior criminal activity. Deverney was sentenced to six years at hard labor.
Sentences must be individualized to be compatible with the offenders as well as the offenses. State v. Jones, 398 So.2d 1049 (La.1981). A trial judge is given great discretion in the imposition of sentences within statutory limits. Absent manifest abuse, his sentence should not be disturbed. State v. Willis, 420 So.2d 962 (La.1982). We do not consider the trial court to have exceeded its discretion in sentencing petitioner to six years more at hard labor than his co-defendant, given petitioner’s more serious criminal background and the trial court’s impression that petitioner was highly recidivist.
For the foregoing reasons, the conviction and sentence of petitioner is AFFIRMED.
AFFIRMED.