454 So.2d 288 (1984)
STATE of Louisiana
v.
Steven SAVAGE and Johnny Windsor.
No. KA 1655.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1984.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
Before REDMANN, GARRISON and BARRY, JJ.
GARRISON, Judge.
The defendants, Steven Savage and Johnny Windsor, were charged by bill of information on March 1, 1983 with simple burglary in violation of La.R.S. 14:62.[1] On *289 May 9, 1983, a jury found both defendants guilty as charged. Defendant Savage was sentenced to serve two years in Orleans Parish Prison with credit for time served. Pursuant to La.R.S. 15:529.1, the State of Louisiana filed a multiple bill against defendant Windsor because of his two prior felony convictions. Windsor pled guilty to the multiple bill and was given the maximum sentence allowable of twenty-four years at hard labor without benefit of good time.
The facts of this case are as follows: At approximately 5:00 a.m. on February 20, 1983, Edward Jackson heard a noise outside of his restaurant located on Gallier Street and St. Claude Avenue. As he looked out of his window to investigate, he saw two men beating on the window of the nearby Texaco station. By the time he had walked outside, the two men had broken the window with a piece of concrete. One of the men, later identified as Johnny Windsor, was rolling a tire out of the service station while the other man, later identified as Steven Savage, was acting as a lookout. Mr. Jackson had taken his gun outside with him and he ordered the men to stop and to return the tire. He then held the men at the scene until the police arrived.
The operator of the Texaco station was summoned to the scene and later found another one of his tires hidden behind a trash can. He denied knowing either defendant and denied giving permission to either of the defendants to be inside of the station.
On appeal, both defendants request a review of the record for errors patent. Additionally, defendant Windsor argues that the sentence given to him is unconstitutionally excessive.
A review of the record discloses that there are no errors patent.
Although not alleged as an assignment of error, the sufficiency of evidence to support appellants' convictions must be reviewed in accordance with State v. Raymo, 419 So.2d 858 (La.1982). In assessing the sufficiency of evidence in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendants guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La. 1982). Both appellants were convicted of simple burglary in this case. Simple burglary is "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein." La.R.S. 14:62. Viewing the facts of this case in the light most favorable to the prosecution, the jury could have convicted the appellants of simple burglary.
In the only assignment of error, defendant Windsor contends that the sentence imposed upon him is unconstitutionally excessive as prohibited by Article I, Section 20 of the 1974 Louisiana Constitution. According to the case of State v. Sepulvado, 367 So.2d 762 (La.1979), an appellate court may review a sentence for excessiveness even though it is within the statutory limit. In this case, the defendant Windsor was given the maximum sentence allowable for a multiple offender convicted of simple burglary whereas his co-defendant received a substantially lighter sentence.
In his reasons for sentencing, the trial judge noted that Windsor has two prior felony convictions and two prior misdemeanor convictions. His felony convictions include attempted burglary of an inhabited dwelling and attempted aggravated rape. The trial judge also commented that defendant Windsor's role in the crime in the instant case was greater than the role of his co-defendant Savage who acted only as a lookout while Windsor was directly involved in the actual unauthorized entry. Additionally, defendant Savage has a much less extensive criminal history than Windsor. The trial judge felt that any lesser sentence given to Windsor would deprecate the seriousness of Windsor's criminal activities and would present an undue risk of *290 the future commission of other crimes by him.
The transcript of the sentencing hearing indicates that the trial judge complied with the sentencing guidelines of La. C.Cr.P. 894.1 which mandates that sentences be tailored to fit the particular offense and the particular offender in each case. The imposition of the maximum sentence upon defendant Windsor in this case was not an abuse of the trial judge's discretion. Therefore, for the reasons discussed above, the convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:62:

Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.