KLEES, Judge.
STATEMENT OF THE CASE:
On April 10, 1984, defendant was charged by bill of information with aggravated battery, under R.S. 14:34. On April 13, 1984, he was arraigned and pled not guilty. On May 4, 1984, defendant changed his plea to not guilty and not guilty by reason of insanity. A sanity commission was appointed, and on May 17, 1984, the commission filed a report claiming defendant was competent to stand trial. Defendant was tried and found guilty as charged on June 11, 1984. On June 29, 1984, defendant was sentenced to serve ten years at hard labor with a fine of $5,000.00. In default of paying the fine, defendant was sentenced to serve two additional years at hard labor.
FACTS:
On February 8, 1984, at approximately 4:00 p.m., defendant, Carlos Rovira, entered the First National Bank of Commerce Building to speak with Mr. Louis Kath-mann, a former co-employee, about selling his automobile. While in the bank, defendant went to the bathroom and upon exiting he claims that he preceived Mr. Kathmann to be a demon like creature and attacked him with a knife. Defendant stabbed the victim in the stomach and back. Mr. Kath-mann was able to escape. Defendant attempted to get out of the bank, but the doors were locked. Unable to relocate Kathmann, the defendant threatened to commit suicide. After extensive negotia *1095 tions with the police, defendant surrendered whereupon he was arrested and charged with aggravated battery. The defendant claimed that he acted in self defense by stabbing the creature before it could attack him. It was only afterward that he realized that he had stabbed Mr. Kathmann. The defendant was examined by court appointed psychologists and found to be competent.
DISCUSSION:

Assignment of Error Number One

By this assignment of error, the defendant contends that the trial court erred in limiting the defendant in the direct examination of an expert witness.
During the defense counsel’s direct examination of Dr.. Cox, the following exchange took place:
Q An individual, Dr. Cox, who would be — scratch that. An individual in the midst of a schizophrenic between “reality” and a — a delusional thought or better yet, reality and delusions?
BY MR. MCMAHON:
I don’t mean to object, Your Honor, but I think I have to' at this point because I think that any hypothetical posed to an expert has to be based on evidence which is already in the record and there is absolutely no evidence whatsoever to provide a foundation for that.
BY THE COURT:
You may reform your hypothetical. The objection is sustained.
BY MR. JOHNSON:
Your Honor, Your Honor, for the record, we disagree. We disagree very strongly with that. This is — Dr. Cox is an expert and experts can give their views and their views are based on hypotheticals.
BY THE COURT:
Well, there hasn’t—
BY MR. JOHNSON:
And, as long as the hypotheticals has some relevance to the trial itself—
BY THE COURT:
You may pose it in another way, Mr. Johnson.
EXAMINATION BY MR. JOHNSON:
Q Dr. Cox, assume for the sake of argument that Carlos Rovira was delusional on the date and time of this incident, assuming he was, could he tell the difference between that state and “reality?”
A Well, by definition, people who are delusional can’t. They actually believe these things.
Q That — that state, that delusional state would — would then make that individual believe that what he preceives is in fact reality?
A Yes, sir, by definition that in fact is the way they are.
Q If an individual was schizophrenic, even in that schizophrenic state, would it be possible for the individual to experience what we catagorize as lucid moments or intervals, and before answering that question, Dr. Cox, would you tell the jury what’s a lucid interval?
A Well, a lucid interval is when a person perceives what’s going on around him. They can understand what’s going on, what is real and what isn’t real. People with schizophrenia—
BY MR. MCMAHON:
Your Honor, at this point, now, the thing is, there is absolutely no evidence in the record that indicates that this man was schizophrenic. I’m going to have to object.
BY THE COURT:
I understand, but you may form — formulate your question in another way, Mr. Johnson.
EXAMINATION BY MR. JOHNSON:
Q Individuals, Dr. Cox, who are psychotic, and in this instance, schizophrenic, it is possible for those individuals to express lucid intervals?
A Yes, sir.
The defendant argues that, by sustaining the State’s objections to the hypotheticals posed to Dr. Cox, the trial court erred reversibly since these hypotheticals were critical to the defendant’s case.
*1096 An expert witness can give his opinion on questions involving a knowledge obtained only by means of a special training or experience if the expert witness has such special knowledge. R.S. 15:464. The opinion of an expert witness on facts not within his personal knowledge may be elicited by propounding a hypothetical question which is in proper form, provided the hypothesis assumes only facts which the evidence proves or tends to prove. Unless the record supports the facts assumed, the hypothetical question is impermissible. State v. Schouest, 351 So.2d 462 (La.1977).
The trial judge sustained the State’s objection to the hypothet based on the fact that there was no evidence in the record to indicate that the defendant was schizophrenic. However, the trial judge allowed the defendant to rephrase the question. The information which the defense sought to elicit by the answer to the hypothet was heard. If there was any error in the ruling, it did not affect any substantial rights of the accused and would not constitute reversible error. C.Cr.P. art. 921.
The defendant makes the same argument concerning Dr. Levy’s testimony. However, the State’s objections to this testimony were based on improper redirect examination and repetitiveness and had nothing to do with improper hypothets.
Redirect examination must be confined to the subject matter of the cross-examination and to the explanation of statements elicited on cross-examination. R.S. 15:281. During cross-examination Dr. Levy testified that there were no signs of schizophrenia in his examination of the defendant. Apparently the trial judge found that hypothets on what is usual for a paranoid schizophrenic would not be appropriate on redirect examination. The scope of redirect examination is within the sound discretion of the trial judge. R.S. 15:281. There does not appear to be an abuse of discretion in this instance.
This assignment is without merit.

Assignment of Error Number Two

By this assignment of error, the defendant contends that the trial judge erred in commenting on the evidence in the charge to the jury. In his brief the defendant does not specify which comment he finds objectionable. The transcript, however, reveals an objection made by the defendant to the following comment: “Ladies and Gentlemen, you have seen the alleged scar that was exhibited to you in this particular case.”
The defense counsel objected to the comment after the jury had left the courtroom. A mistrial was requested and denied. The defendant argues that the comment was a violation of C.Cr.P. articles 772 and 806.[1]
This comment was made during an explanation by the judge of the elements necessary for the various grades of battery. The trial judge was attempting to make it clear that a weapon must be used in order to find the defendant guilty of aggravated battery. The cause of the scar was not commented on by the trial judge. Since the remark did not imply an opinion as to the defendant’s guilt or innocence, we conclude that any error was harmless. State v. Joseph, 437 So.2d 280 (La.1983).
This assignment is without merit.

Assignment of Error Number Three

By this assignment of error, the defendant contends that the trial court erred in refusing to grant the defendant’s motion for continuance of the sentencing hearing. The defendant was convicted of aggravated *1097 battery on June 11, 1984. At the sentencing hearing on June 29,1984, the defendant expresses a desire to have Dr. Levy testify as to whether the defendant was suffering from a psychological disorder. Although the defendant did not specifically move for a continuance, he did state that Dr. Levy was out of town. The trial court denied this request on the ground that Dr. Levy had already testified at trial as to the defendant’s mental condition.
A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based. C.Cr.P. art. 707. A failure to file a written motion for continuance based on the absence of a witness usually precludes consideration by an appellate court. State v. Jones, 340 So.2d 563 (La.1976). However, when occurrences that allegedly make the continuance necessary arise unexpectedly, and the defense had no opportunity to prepare a written motion the appellate courts will review the denial. State v. Washington, 407 So.2d 1138 (La.1981).
C.Cr.P. art. 709 provides:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
From the record, counsel for the defense did not meet the first and third requirements of C.Cr.P. art. 709. Dr. Levy, the absent witness, testified at trial that he had examined the defendant and from the examination had formed an opinion that the defendant was competent. There is also a letter in the record dated May 19, 1984, from Dr. Levy detailing the examination and his professional opinion. At the sentencing hearing, the defendant admitted that Dr. Levy’s opinion as to the mental capacity of the defendant was before the court at trial, but the defendant argues that further testimony on this subject, as well as additional testing should be required by the court at the sentencing stage.
Since the verdict was rendered on June 11, 1984 and the sentencing hearing was scheduled for June 29, 1984, there was adequate time for defendant’s counsel to prepare a written motion for continuance.
The decision to grant a continuance is placed in the discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Washington, supra. We find no abuse of discretion.
This assignment is without merit.

Assignment of Error Numbers Four and Five

By these assignments of error, the defendant contends that the sentence imposed was illegal and excessive.
The defendant was convicted of aggravated battery in violation of R.S. 14:34. The defendant was sentenced to ten years at hard labor and assessed a $5000.00 fine. In default of payment, the defendant was to serve an additional two years at hard labor. This is the maximum sentence under the statute.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, — U.S. —, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Nealy, 450 So.2d 634 (La.1984); State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating *1098 and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s particular sentence. State v. Davis, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984); State v. Swift, supra.
Once adequate compliance with art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Brogdon, supra; State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983); State v. Swift, supra.
In sentencing the defendant, the trial judge took into consideration the brutality and senselessness of the crime. The trial judge also stated that she found no evidence of remorse in the defendant, but rather evidence of sensationalism by the defendant’s act of writing notes to the police while remaining in the building. The trial judge also took into consideration the prior record of the defendant which consisted of one arrest.
The defense attorney pointed out mitigating circumstances to the judge. These circumstances, however, did not dissuade the judge from imposing the maximum sentence.
Other cases in which the maximum sentence was imposed for aggravated battery include: (1) State v. Stucke, 419 So.2d 939 (La.1982) in which the defendant shot a police officer during an attempted armed robbery; (2) State v. Brown, 395 So.2d 1301 (La.1981) in which the defendant shot the victim after an argument.
We find no error in the imposition of the ten year sentence, nonetheless we do conclude that the trial judge erred in the imposition of the fine. The defendant was given a sentence of ten years at hard labor and a fine of $5,000.00, in default of payment thereof the defendant shall be imprisoned for an additional two years.
Article 884 of the Code of Criminal Procedure provides in part that:
If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imposed for a specific period not to exceed one year.
The sentence is in violation of that article because the specified period of time to be served in default of payment of the fine exceeds one year.
Further, this sentence was given to an indigent defendant. In City of Baton Rouge v. Malik, 404 So.2d 883 (La.1981) the Louisiana Supreme Court held that where the defendant was given a fine and/or court costs, and the defendant was non-indigent, it was permissible to impose a term in default of payment that would result in the defendant serving a longer term than the statutory maximum. See also State v. Lukefahr, 363 So.2d 661 (La.1978). However, an indigent defendant may not be given a term of imprisonment in lieu of a fine when to do so would mean that the defendant would have a term of imprisonment longer than the statutory maximum. State v. Williams, 288 So.2d 319 (La.1974); State v. Helsley, 457 So.2d 707 (La.App. 2nd Cir.1984); State v. Plaisance, 444 So.2d 665 (La.App. 1st Cir.1983); State v. Young, 432 So.2d 1012 (La.App. 1st cir.1983).
Accordingly, we must remand this matter to the trial court for resentencing.

Errors Patent/Assignment of Error Number Six

A review of the record reveals that there is no indication in the minutes whether the defendant was present at jury selection and sentencing. However, the transcripts reveal that the defendant was present at sentencing and at trial. The defendant does not assign this as error.
For the reasons assigned, defendant’s conviction is affirmed. Defendant’s sentence is hereby vacated and this matter is remanded to the trial court for resentenc-ing.
*1099 Conviction affirmed.
Sentence vacated and remanded for re-sentencing.

. Art. 772. Comment on facts by judge in jury’s presence prohibited
The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.
Art. 806. Prohibited charges
The court shall not charge the jury concerning the facts of the case and shall not comment upon the facts of this case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.