LOBRANO, Judge.
Defendant, Troy Q. Brown, was charged by bill of information with the December 17, 1983, simple burglary of an automobile belonging to David Spencer, a violation of La.R.S. 14:62.[1]
On January 23, 1984, defendant was arraigned and pled not guilty. Defendant was tried and found guilty as charged on February 27, 1985. On March 20, 1985, the state filed a multiple bill of information alleging defendant to be a second offender pursuant to the provisions of La.R.S. 15:529.1. Following the multiple bill hearing, defendant was adjudged to be a second offender and sentenced to serve twelve (12) years at hard labor without benefit of parole, probation or suspension of sentence. FACTS:
Officer Carl Fasold testified that near midnight on December 17, 1983, while he and his partner were driving down Hickory Street towards Carrollton Avenue, they observed that the interior light inside a parked automobile was on. They drove over to the auto to investigate and saw a black male later identified as defendant, inside the auto. When defendant noticed the officers, he ducked down onto the front seat. As the officers approached on foot, defendant emerged from the auto carrying a piece of pipe. When defendant saw it was the police approaching, he dropped the pipe and started to walk away. Defendant was then placed under arrest.
A license plate check revealed the auto was registered to a David Spencer. The officers located Mr. Spencer at a Christmas party nearby.
David Spencer testified that he did not know the defendant nor did he give him permission to be inside his automobile. He also testified that a dress which was inside the auto was missing.
Defendant appeals his conviction and sentence alleging:
1) The trial court erred by imposing an excessive sentence without adequate reasons and;
2) The trial court erred in barring him from consideration for parole.
*1263 ASSIGNMENT OF ERROR 1:
Defendant complains that the sentence imposed by the trial court of twelve years is excessive because the court failed to give adequate reasons.
The imposition of a sentence, although within the statutory maximum, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, — U.S. —, 105 S.Ct. 2345, 85 L.Ed2d 862 (1985).[2] There must be an indication in the record that the trial court considered both the aggravating and mitigating circumstances set forth in C.Cr.P. Art. 894.1 in determining defendant’s particular sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984).
Once adequate compliance with Art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case. State v. Brogdon, supra; State v. Quebedeaux, supra, at 1014. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Swift, supra.
In the instant case, the record clearly reflects the sentencing court complied with C.Cr.P. Art. 894.1. The trial court articulated well the basis for his sentence. He noted that the defendant had previously been convicted of simple burglary for which he was sentenced to serve two years in Orleans Parish Prison; sentence was suspended and defendant was placed on two years probation. The trial judge stated his belief that there would be an undue risk during any period of suspended sentence that defendant would commit another crime. The court also mentioned that he found the defendant in need of correctional treatment and a custodial environment and believed that a lesser sentence would deprecate the seriousness of the crime. Furthermore, the trial judge noted that he reviewed all of the mitigating circumstances and found only that his conduct neither caused nor threatened serious harm as the burglary committed was of an automobile with no one present.
In looking to similar cases in this court, we find this court has upheld a twelve (12) year sentence for simple burglary even though the co-defendant received a six (6) year sentence. State v. Sly, 449 So.2d 170, 171 (La.App. 4th Cir.1984). In Sly, both defendants had a prior criminal background, but the trial court felt that Sly’s criminal background was more serious and that Sly showed no intent to rehabilitate. He was sentenced to twelve (12) years.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant complains that the trial court committed error by barring him from consideration for parole. We agree with defendant.
The trial court in sentencing defendant stated:
“The court at this time is going to sentence you to serve 12 years at hard labor with the Department of Corrections and under the provisions of the Multiple Offender Statute these 12 years are without benefit of probation, parole, suspension or good time.”
La.R.S. 15:574.4(A) states in pertinent part:
“A. A person, otherwise eligible for parole, ... upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed ...”
Clearly the law provides that a second offender shall be eligible for parole consid *1264 eration upon serving one-half of the sentence imposed. Thus, defendant’s sentence as imposed is unlawful. Article 882 of the Code of Criminal Procedure authorizes this Court to correct an illegal sentence.
For the foregoing reasons, defendant’s conviction is affirmed. Defendant’s sentence of 12 years imprisonment is amended to allow for parole after serving 6 years, in accordance with R.S. 15:574.4(A).
CONVICTION AFFIRMED, SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.

. La.R.S. 14:62:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.”

. See also:
State v. Nealy, 450 So.2d 634 (La.1984); State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984).