490 So.2d 556 (1986)
STATE of Louisiana
v.
George MOORE.
No. KA 4609.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*557 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for the State.
Dwight Doskey, Craft & Doskey, Walter Sentenn, New Orleans, for defendant.
Before SCHOTT and BYRNES, JJ., and HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
In this appeal from his conviction of aggravated battery, defendant contends that the trial judge erred in not declaring a mistrial based on the State's alleged systematic exclusion of blacks from the jury, and in imposing an excessive sentence.
The Orleans Parish District Attorney's Office filed a bill of information charging defendant George Moore with aggravated battery in violation of La.R.S. 14:34. The victim listed was Vilma Totten. Following trial, the jury found defendant guilty of aggravated battery. The judge sentenced him to eight years at hard labor and further required him to pay court costs or serve an additional thirty days in default of payment. We have examined the record for errors patent and find none. The defendant filed an oral motion for appeal. On appeal, defendant argues two assignments of error. Finding neither meritorious, we affirm defendant's conviction and sentence.
The aggravated battery for which defendant was convicted occurred at approximately 6:45 p.m. on January 31, 1985, at a vacant apartment located on Spain Street. Hazel Romero and Vilma Totten went to the vacant apartment on the evening in question to meet a prospective tenant. The apartment belonged to Ms. Romero's daughter and Ms. Romero was attempting to rent it for her. Earlier that day, the defendant had called Ms. Romero and made an appointment with her to view the apartment that evening. Ms. Romero and Ms. Totten arrived at the apartment at approximately 6:30 p.m. and the defendant arrived a few minutes later. After he had walked through the apartment, the defendant asked Ms. Romero about pet restrictions because he had a Doberman Pinscher. She informed him that she did not want to rent the apartment to anyone with pets. The defendant then went to the front door and shut it. He pushed Ms. Romero against the wall, held a knife to her throat and threatened to kill her. Ms. Romero tried to fight him off while she also tried to open the front door. The defendant slammed the door on her hand several times. Ms. Totten, seeing the defendant grab Ms. Romero, jumped on his back and began fighting him. Ms. Romero managed to free herself from the defendant's grip and run away through the front door. She observed two men walking down the street and called to them for help.
After Ms. Romero managed to escape, the defendant closed the door again and dragged Ms. Totten to a corner of the room. He told her he was going to kill her and began thrusting the knife toward her face. She threw her hands up to protect her face and the knife punctured one of her hands. The defendant stabbed her twice more, once in the chin. She grabbed the knife away from the defendant as he was being distracted by the sound of Ms. Romero calling to the two men for help. The defendant then fled.
When the police arrived, they obtained a description of the defendant from Ms. Romero and Ms. Totten. The description was broadcast and a police unit detained a suspect at a bus stop four blocks away from the scene of the crime. The two women were brought to the bus stop where they positively identified the suspect as the defendant.
ASSIGNMENT OF ERROR NO. 1
As noted earlier, defendant's first assignment of error concerns the trial judge's denial of a motion for a mistrial in which defendant alleged that there was a systematic exclusion of blacks from the *558 jury by the Assistant District Attorney's use of peremptory challenges. During voir dire, defense counsel lodged his objection and moved for a mistrial noting that the prosecution had used its peremptory challenges to exclude five black males and one black female. The prosecution denied that its challenges were racially motivated, and without objection noted for the record that the first juror selected was a black male, and that the state later accepted the selection of a black female eventually challenged by defense counsel.
Under Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), a defendant was not considered to have been denied equal protection by the State's use of peremptory challenges against blacks unless the defendant could show a systematic exclusion against blacks over a period of time. State v. Smith, 430 So.2d 31 (La.1983); State v. Ketton, 468 So.2d 707 (La.App. 4th Cir.1985). The defendant bore the burden of proving that the State had not complied with the statutory procedure for selection of the venire or that the State had systematically excluded a specific class of individuals. State v. Hayes, 414 So.2d 717 (La.1982); Ketton, supra. To meet this burden, the defendant had to show "with any acceptable degree of clarity ..., when, how often, and under what circumstances the prosecutor alone had been responsible for striking" blacks from the petit jury panels in Orleans Parish. Swain, supra, 380 U.S. at 224, 85 S.Ct. at 838; Smith, supra at 37.
In the instant case, the defendant offered no evidence to meet the above stated burden of proof. The defendant merely stated that the State had exercised its peremptory challenges on potential black jury members.
In a recent opinion by the United States Supreme Court, Batson v. Kentucky, ___ U.S. ___, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Court held that the Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race or on the false assumption that members of his race, as a group, are not qualified to serve as jurors. In Batson v. Kentucky, the United States Supreme Court rejected part of their opinion in Swain v. Alabama, and altered the evidentiary burden placed on a defendant who claims that he has been denied equal protection through the State's discriminatory use of peremptory challenges. In Swain v. Alabama, the Court held that a prima facie case of purposeful discrimination could be made by defendant on proof that the peremptory challenge system as a whole was being perverted.
In Batson v. Kentucky, the prosecutor used his peremptory challenges to strike all four of the blacks on the venire, and an all-white jury was selected. The Supreme Court, rejecting the aforementioned holding in Swain v. Alabama, held that a defendant may make a prima facie case of purposeful racial discrimination in jury selection by relying solely on the facts concerning the jury selection in his case. In order to establish a prima facie case under Batson v. Kentucky, the defendant must show that he is a member of a cognizable racial group, and that the prosecutor exercised peremptory challenges to remove members of defendant's race from the venire. Furthermore, the defendant must show that the facts concerning the jury selection in his case as well as any other relevant circumstances raise an inference that the prosecutor used peremptory challenges to exclude potential jurors based on their race. If the defendant makes a prima facie showing of purposeful racial discrimination, the burden then shifts to the State to produce a neutral explanation for challenging jurors of the defendant's race.
Without deciding whether this case is governed by the principles of State v. Swain or Batson v. Kentucky, it suffices to say the defendant did not make a prima facie showing of purposeful racial discrimination under either case. As was pointed out by the State, the first jury member selected by both the State and defendant was a black man. Furthermore, the State accepted a black woman who was then *559 peremptorily challenged by the defendant. There is no indication that the State's selection of jurors was racially motivated.
There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 2
In his second assignment of error the defendant alleges that the trial court erred in imposing an excessive sentence. The defendant was sentenced to eight years, two years less than the maximum ten years sentence provided by La.R.S. 14:34 for aggravated battery.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. den. Brogdon v. Louisiana, ___ U.S. ___, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Davis, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984); State v. Swift, supra.
The following reasons were presented by the trial court in imposing sentence:
I think that the State showed beyond any doubt that the defendant was guilty of offense charged against him. And this Court has taken into consideration the guidelines mandated in Article 894.1 of the Louisiana Code of Criminal Procedure, and this Court in comtemplating these guidelines finds that any lesser sentence would deprecate from the seriousness of the defendant's crime. This was an extremely serious matter and it's very fortunate for the defendant, and particularly the victims that there were no more severe injuries than what was sustained by Miss Totten, the victim in this case.
The fact that the defendant without any justification, for no apparent reason whatsoever attacked these women victims makes this an extremely serious matter as far as the Court is concerned.
This Court finds that there is an undue risk that during any period of any suspended sentence the defendant would commit another crime. The Court has taken into consideration the fact that the defendant has been twice convicted of felonies; one where he was apprehended with a gun and admitted on the stand during this trial that he aimed that gun or pointed that gun at a New Orleans Police Officer at the time of the arrest. Further this Court feels that this defendant is in need of correctional treatment in a custodian environment that could be provided most effectively by his committment to an institution.
The Court has taken into consideration the "B" Section of this Article, the 11 factors that would tend to mitigate any sentence that would be imposed by the Court, and the Court finds that practically none of them apply or act to mitigate or serve to mitigate, I should say the actions of the defendant at the time the crime was committed.
Accordingly, the trial court adequately complied with the guidelines of La. C.Cr.P. Art. 894.1. Once adequate compliance with Art. 894.1 is found, it must be determined whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Brogdon, supra; State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983); State v. Swift, supra.
In this case, the defendant had a prior criminal record consisting of a conviction for possession with intent to distribute marijuana and quaaludes and a conviction *560 for possession of a firearm by a felon. The defendant also had a conviction in Florida for a petty larceny. The defendant attacked the women with no provocation. In addition, the defendant had recently been released from prison and was on parole. The trial court did not err in the exercise of its considerable sentencing discretion in imposing an eight year sentence.
This assignment is without merit.

Decree
Accordingly, defendant's conviction and sentence which are the subject of this appeal are affirmed.
AFFIRMED.