ARMSTRONG, Judge.
Earl Mouton was charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966. At his arraignment on March 8, 1985, the defendant pled not guilty. The defendant filed a motion to suppress the evidence which was denied on July 29, 1985. That same day a bench trial was held, and the defendant was found guilty as charged. On August 23, 1985 the trial court sentenced the defendant to serve the maximum sentence of 10 years at hard labor.
On January 24, 1985 Detectives Favre and Davis were conducting an undercover drug surveillance of a house near the corner of Loyola and Washington Avenues in New Orleans. The two detectives saw the defendant approach a White Fleet cab, pull a clear plastic bag containing hand rolled cigarettes from his jacket, hand over some of the cigarettes and pocket some cash. Detective Favre called in the description of the defendant and the cab to several narcotic units in the area, but those units were unable to locate the defendant.
Fifteen to thirty minutes later, Favre and Davis left their surveillance location in their unmarked police unit. As they drove away from the surveillance site they saw the defendant walking down the street. The detectives decided not to stop the defendant and risk revelation of their undercover operation. Instead, Favre again called in a description of the defendant and continued driving until he saw a police unit parked in front of a restaurant. Davis got out of the vehicle, briefly informed the police officers what happened, and requested that the unit follow their vehicle to arrest the defendant. Davis and Favre then drove past the defendant and again gave a description of him to the unit behind them. The two policemen in the unit, Officers Blair and Fisher stopped the defendant, frisked him, and found forty-eight marijuana cigarettes in a plastic bag in his jacket. The defendant was placed under arrest.
ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO
By his first assignment of error the defendant claims the court erred in not allowing him to complete his cross-examination of Detective Favre during the motion to suppress and by denying his motion to suppress evidence.
During the hearing on the motion to suppress, Officer Favre testified that when he *653 returned to the area where the defendant was last seen, his vehicle was approximately five to ten feet from the defendant. Favre radioed to the unit behind him to apprehend the defendant. On cross-examination, Favre told the defense counsel he was parked on the side of the street conducting a surveillance of a residence in the area. The defense repeatedly asked which residence was being investigated, and the trial court ruled that information was irrelevant. Favre testified he did not immediately arrest the defendant when he saw the transaction occur because he did not want to hinder the on-going undercover surveillance of the residence in question.
The defendant argues he should have been allowed to learn which residence was being investigated in order to show that no exception to the exclusionary rule existed for this warrantless arrest. We disagree.
The defendant knew the general location of the investigation as well as the specific corner where Favre and Davis were parked. The defendant has not demonstrated to this court why the specific house under investigation is relevant to his case. Absent a clear abuse of discretion, the trial judge’s ruling as to relevance of evidence in a criminal prosecution should not be disturbed. State v. Rault, 445 So.2d 1203 (La.1984), cert. denied 469 U.S. 873, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984). In our opinion the defendant has failed to show the trial judge abused his discretion.
The defendant’s claim that the warrantless stop and search did not fall into any recognized exceptions to the Fourth Amendment’s prohibition of war-rantless searches is likewise without merit. An officer may, without a warrant, arrest a person when the officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer. LSA-C. Cr.P. art. 213(3). In this case the undercover officers, Favre and Davis, told the arresting officers, Blair and Fisher, what the defendant was seen doing, how he was dressed, and where he was located. The undercover agents even pointed out the defendant and witnessed the arrest. Observations and reports of fellow police officers engaged in related investigations provide a reliable basis for a warrantless arrest. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982); State v. Linkletter, 345 So.2d 452 (La.1977), cert. denied 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978). Accordingly, there was a valid warrantless arrest and stop of the defendant.
ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
By these assignments the defendant argues his sentence to the maximum of ten years at hard labor was illegal because it was excessive and the trial judge failed to follow the guidelines set forth in LSA-C. Cr.P. art. 894.1.
In the sentencing transcript, the trial judge noted that the defendant was married and had admitted to selling marijuana to pay his rent. The judge observed that the defendant was arrested on July 30, 1973 for purse snatching; January 21,1986 for armed robbery; and July 10, 1981 for receiving stolen things. The trial judge was also aware that the defendant had pled guilty to simple robbery and was still on probation when he committed this offense. The court then stated it had considered the appropriateness of the sentence in light of LSA-C.Cr.P. art. 894.1.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Davis, 449 So.2d 452 (La.1984); State v. Savage, 454 So.2d 288 (La.App. 4th Cir.1984); State v. Swift, 449 So.2d 654 (La.App. 4th Cir.1984). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in LSA-C.Cr.P. art. 894.1 *654 in determining the defendant’s particular sentence. State v. Davis, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (1984); State v. Swift, supra.
There is no showing in the sentencing transcript that the trial judge considered any mitigating circumstances listed in LSA-C.Cr.P. art. 894.1(B). In our opinion the trial court did not adequately consider the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Since we are unable to review the exces-siveness of defendant’s sentence because it was imposed without proper compliance with statutory guidelines for sentencing, we must set the sentence aside.
Accordingly the defendant’s conviction is affirmed. The sentence is vacated and the case is remanded to the district court for further proceedings and for imposition of another sentence in accord with the opinion expressed herein.
CONVICTION AFFIRMED SENTENCE VACATED REMANDED