377 So.2d 87 (1979)
STATE of Louisiana
v.
Joseph B. VAUGHAN.
No. 64679.
Supreme Court of Louisiana.
November 12, 1979.
*88 Sam N. Gregorio, Gregorio & Frazier, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., for plaintiff-appellee.
DIXON, Justice.[*]
The defendant was charged by bill of information with attempted first degree murder and aggravated burglary. The charges were subsequently severed, and on October 10, 1978 the defendant withdrew his plea of not guilty and not guilty by reason of insanity to the aggravated burglary charge and entered a plea of guilty to that charge. At the same time the state entered a nolle prosequi to the attempted murder charge. The defendant was sentenced to serve five years at hard labor on March 20, 1979. The case is before us on appeal.
The defendant perfected three assignments of error in the trial court, two of which are argued, challenging the validity of the sentence. The defendant first claims that the trial court failed to comply with C.Cr.P. 894.1, which requires the trial court to consider certain factors in sentencing and to state for the record the considerations taken into account and the factual basis supporting them. The record indicates that the trial court considered several factors in imposing sentence. The trial court stated that the serious and violent nature of the defendant's offense required incarceration; that in reaching its decision it considered the factors weighing against such a sentence (including the defendant's psychiatric problems and treatment, and recommendations for a suspended sentence by the defendant's psychiatrist and others), but that, nevertheless, a prison sentence was proper. The trial court complied with C.Cr.P. 894.1.
The defendant also claims that the sentence imposed is excessive, in violation of Art. 1, § 20, La.Const. The trial court had access to a pre-sentence investigation report and two psychiatric evaluations of the defendant. The trial court received comments from the victim and personal references submitted by the defendant. Prior to sentencing the court heard arguments by the defense and state on the factors they wished the court to consider in imposing sentence. The trial court noted the factors in the defendant's favor, but gave weight to the seriousness of the offense in imposing the sentence of imprisonment for five years. The facts of the case indicate the defendant engaged in violent and dangerous conduct which formed the basis of the trial court's sentence. The trial court did not abuse its discretion in imposing that sentence.
The sentence is affirmed.
NOTES
[*] Chief Judge Paul B. Landry, Retired, is sitting by assignment as Associate Justice Ad Hoc in place of Tate, J.