433 So.2d 426 (1983)
STATE of Louisiana
v.
Antonio MONTERO.
No. KA-0391.
Court of Appeal of Louisiana, Fourth Circuit.
June 3, 1983.
*427 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John H. Craft, Asst. Dist. Atty., New Orleans, for State.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for Montero.
Before GULOTTA, SCHOTT and CIACCIO, JJ.
CIACCIO, Judge.
Defendant, Antonio Montero, was charged with attempted simple burglary of a vehicle. R.S. 14:27; 14:62. He was found guilty after a jury trial and was sentenced, as a multiple offender, to twelve (12) years at hard labor. R.S. 15:529.1.
On the morning of June 8, 1982 at approximately 8:30 A.M., the defendant, an eighteen (18) year old Cuban refugee, was arrested near the intersection of Carrollton Avenue and Banks Streets in New Orleans by Officers Julie Jones and James S. Hernandez, Jr. Mr. Montero was charged with the attempted burglary of a 1972 Chevrolet which was owned by Philip Centani. The events immediately preceding the arrest are in dispute.
Officers Jones and Hernandez testified that they were proceeding, by patrol car, down Carrollton Avenue away from Canal Street when they stopped for a red light at the intersection of Carrollton Avenue and Banks. While seated, waiting for the light to change, the officers observed the defendant standing by the right front door of a 1972 Chevrolet Vega. He had a coat hanger in his hand which protruded through the window of the car and he was attempting to open the vehicle for entry. The patrol car, driven by Officer Hernandez, turned against traffic on Banks Street and stopped directly in front of and facing the subject vehicle. The officers testified that they were at first not noticed by the defendant. However, once observed, the defendant *428 put his hands up and began to back away towards the rear of the vehicle.
The officers questioned the defendant about his activities and were advised by him that he was going to fix this car which belonged to his friend, Eduardo Arabella. The defendant showed a copy of Mr. Arabella's social security card to the police. A computer check of the vehicle revealed that it was owned by George Locket who resided at 4002 Banks Street. Since there was no such street address, Officer Jones went to the residence directly parallel to the car at 4000 Banks Street. She asked the occupant, Mrs. Rose Centani, if she knew who owned the car. She said it belonged to her son, Philip Centani, and she telephoned him for Officer Jones. Mr. Centani informed Officer Jones that he owned the car and had gotten it from a trade with Mr. Locket. The vehicle had a broken clutch and had been parked next to his mother's house from 6 weeks to 3 months awaiting repairs. Officer Jones returned to the scene where the defendant was being detained by Officer Hernandez and the defendant was placed under arrest.
According to the defendant, Antonio Montero, on the morning before his arrest he was walking in the vicinity of Carrollton Avenue and Banks Street and reading a book while waiting for his friend, Eduardo Ramurez, who lived in this area. He stated that the car in question had a coat hanger protruding from the window but he did not touch the hanger, nor did he try to get into the car. He testified that at the time of his arrest he showed the police officers his social security card and Delgado School identification card.
On appeal, defendant raises one assignment of error wherein he argues that the trial court erred in imposing an unconstitutionally excessive sentence. La.Const. Art. 1, Sec. 20.
The statutorily prescribed penalty for attempted simple burglary is punishable by incarceration of up to six years, with or without hard labor. R.S. 14:27; 14:62. In those instances in which the defendant is a second offender the penalty may be enhanced to provide for imprisonment, with or without hard labor for not less than two years nor more than twelve (12) years. R.S. 15:529:1.
The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La., 1979). In order to determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice or if it is nothing more than a needless imposition of pain and suffering. State v. Lodrige, 414 So.2d 759 (La., 1982) citing State v. Bonanno, 384 So.2d 355 (La., 1980).
The multiple offender statute provides enhanced penalties for such offenders based upon repetition of criminal conduct and it has been recognized by the Louisiana Supreme Court as a valid limitation upon the statutory guidelines for sentencing set forth in Article 894.1 of the Louisiana Code of Criminal Procedure. R.S. 15:529.1. State v. Lawson, 410 So.2d 1101 (La., 1982).
Within this framework, the courts must attempt to individualize the sentence to the offender. State v. Kersey, 406 So.2d 555 (La., 1981); State v. Vaughan, 377 So.2d 87, 88 (La., 1979). The court must consider the sentencing guidelines before imposing a sentence of imprisonment. C.Cr.P. Art. 894.1. State v. Williams, 397 So.2d 1287 (La., 1981). The law mandates that the trial court state for the record the considerations and factual basis for the sentence imposed. C.Cr.P. Art. 894.1. State v. Forshee, 395 So.2d 742 (La., 1981). Although the trial judge need not articulate every aggravating and mitigating circumstance, the record must reflect that the sentencing guidelines were considered in particularizing the sentence to the defendant. See: State v. Vaughan, supra. The judge's stated reasons for imposition of sentence are an aid to the reviewing court in reaching a determination as to whether a particular sentence is excessive. State v. *429 Bourgeois, 388 So.2d 359 (La., 1980); State v. Stegall, 377 So.2d 103 (La., 1979).
As stated in State v. Lathers, the reviewing court will "vacate a sentence and remand for resentencing in those instances in which the sentence is disproportionately severe when viewed in light of the offense committed and the reasons for such sentence do not appear in the record. 414 So.2d 678 at 680.
In the instant case, the essence of the judge's ruling appears to focus upon the fact that the defendant committed two felony offenses within the period of six months. However, the trial judge does not articulate reasons for his sentence. There is no indication that the judge considered the age of the defendant (18 years old), nor the particular facts of the crime, in imposing upon him the maximum sentence allowed by law for this offense.
No reference was made to the Louisiana statutory guidelines for sentencing and no reference was made to the consideration of mitigating factors. C.Cr.P. Art. 894.1.
Since we are unable to review the excessiveness of the defendant's sentence because it was imposed without proper compliance with the statutory guidelines for sentencing, we must set the sentence aside and remand for resentencing.
Accordingly, the defendant's conviction is affirmed. The sentence is vacated and the case is remanded to the district court for resentencing, with a full statement of reasons for the particular sentence imposed.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.