452 So.2d 775 (1984)
STATE of Louisiana
v.
Erica DABNEY.
No. KA-1367.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1984.
*776 Jasper N. Pharr, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Before REDMANN, C.J., and AUGUSTINE and WILLIAMS, JJ.
AUGUSTINE, Judge.
Defendant Erica Dabney was arrested on January 14, 1983 and subsequently charged by bill of information with possession of pentazocine with intent to distribute, a violation of LSA-R.S. 40:967(A)(1). Following a trial by jury, the defendant was found guilty as charged and was sentenced to serve four years at hard labor without benefit of probation, parole or suspension of sentence. Defendant now brings this appeal. Finding merit to appellants' second assignment of error, we reverse and remand for further proceedings.
During trial of this matter, the State presented the expert testimony of a narcotics officer to establish the defendant's specific intent to distribute the "Ts and blues" found in her possession at the time of her arrest:
Q. (By the prosecutor):
"As an expert working under cover, m a person who is in possession of 60 sets of Ts and Blues, would you say from your experience they possessed the Ts and Blues for their personal use?"
A. (By the expert witness):
"No".
Given that the above passage followed immediately on the heels of the expert's testimony concerning the packaging and marketing of "Ts and blues" by wholesale and retail distributors, the above question and response was equivalent to a direct statement by the expert that the defendant possessed the drugs with the intent to distribute.
Such testimony on the ultimate issue of fact is tantamount to an opinion that the defendant is guilty of the charge.
In State v. Wheeler, 416 So.2d 78 (La. 1982), State v. Montana, 421 So.2d 895 (La.1982), and the recent case of State v. White, 450 So.2d 648 (1984), the Louisiana Supreme Court condemned the use of such testimony as a usurpation of the jury's function. We find the same error in the present case, and because there is a reasonable possibility that the error contributed to the finding of guilt, we must reverse. State v. Gibson, 391 So.2d 421 (La.1980).

DECREE
For the foregoing reasons, the conviction is reversed, the sentence is set aside, and the case is remanded to the district court for retrial.
REVERSED and REMANDED.
WILLIAMS, J., concurs.