GARRISON, Judge.
The defendant, Terrance D. Gray, was charged by bill of information with possession of stolen property in violation of La. R.S. 14:69. On January . 18, 1984, the defendant pled guilty to possession of stolen property valued in excess of $500.00. Prior to sentencing, the State filed a multiple bill pursuant to La.R.S. 15:529.1. This multiple bill was filed due to the defendant’s prior conviction in July, 1983 of possession of stolen property valued in excess of $1,000.00 in violation of La.R.S. 14:69. For this prior conviction, the defendant had received a two year suspended sentence.
In the instant case, the defendant filed a motion to quash the multiple bill of information. After a hearing on this motion, the motion was denied. The defendant was found guilty on the multiple bill and subsequently received a sentence of three years and four months in Orleans Parish Prison with credit for time served. Defendant appeals.
A review of the record reveals that there are no errors patent.
On appeal, the defendant urges two assignments of error:
1) The trial court erred in failing to quash the multiple bill of information.
2) The trial court erred in finding that the State had presented sufficient proof to show that the defendant had knowingly and voluntarily waived his Boykin rights at the time of his guilty plea to the underlying felony.
ASSIGNMENT OF ERROR # 1
The defendant contends that the trial court’s denial of his motion to quash the multiple bill was error due to the District Attorney’s alleged arbitrary decision to charge the defendant as a multiple offender. According to the defendant, the District Attorney’s alleged arbitrary decision amounts to an abuse of prosecutorial discretion.
According to La.R.S. 15:529.1(D):
D. If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted .under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction.
Additionally, Code of Criminal Procedure Article 61 provides as follows:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
At the hearing on the motion to quash the multiple bill, two members of the District Attorney’s office testified as to the policy of their office regarding multiple offenders. This testimony did not support the defendant’s assertion that it is the policy of the District Attorney’s office to file a multiple bill in all cases in which the convicted individual is eligible as a multiple offender. Rather, this testimony indicated that multiple bills are not filed in all cases and that certain considerations are taken into account in every case. Furthermore, this particular case certainly warrants the filing of a multiple bill against the defendant in light of the fact that both his prior conviction and his more recent conviction stemmed from violations of La.R.S. 14:69, *391 and more particularly, both cases involved the possession of a stolen automobile. This assignment of error is without merit.
ASSIGNMENT OF ERROR # 2
In his second assignment of error, the defendant contends that the State did not show sufficient proof that the plea in the defendant’s former conviction was freely and voluntarily given and that the defendant had knowingly waived his rights. The defendant makes this claim pursuant to the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) which holds that the record must adequately show that the defendant intelligently and knowingly pleaded guilty. At trial, the State introduced the bill of information, the minute entries and the plea of guilty form to prove that the defendant had pled guilty to the previous offense. Prior to this, the State asked the trial judge for a continuance so that a transcript of the defendant’s Boykinization colloquy could be ordered. The trial judge denied this request and opted to proceed with the documents which were already available. After the trial judge’s finding that the defendant was a multiple offender, the defense objected on the grounds that the State did not present sufficient proof to show that the defendant had been adequately Boykinized.
In the case of State v. Lewis, 367 So.2d 1155 (La.1979), (partially overruled on other grounds, 375 So.2d 1372 (La.1979)), the Louisiana Supreme Court stated that:
“In a multiple offender hearing, only those previous pleas of guilty may be used to enhance a sentence which are supported by a contemporaneous record of a Boykin examination demonstrating the free and voluntary nature of a plea of guilty with an articulated waiver of the constitutional rights required by Boykin v. Alabama.”
In the more recent case of State v. Bland, 419 So.2d 1227 (La.1982), the Supreme Court found that the State had complied with its burden by the introduction of the minute entry. However, the case of State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1983) holds that the introduction of a minute entry will not suffice if it fails to affirmatively show that proper Boykinization has taken place. The minute entry which was held to be insufficient in the Murray case was not as deficient as the minute entry of the instant case which states:
“Defendant present with counsel. Defendant withdrew former plea of not guilty entered a plea of guilty, filed a waiver of Constitutional Rights and Plea of guilty form into the record. Waived all legal delays. Court sentenced defendant to serve 2 years Parish Prison Sentence Suspended 2 years Active Probation. Court Cost Waived. Special conditions for defendant to participate in the Ponchtrain (sic) Mental Health Center, for as long as the Center feels necessary. Also Court orders the Center to send monthly reports.”
According to the Murray case, this minute entry does not sufficiently show that the defendant in this case was properly Boykin-ized. The additional introduction of the bill of information and the plea of guilty form still do not constitute sufficient proof of adequate Boykinization. A transcript of the defendant’s Boykin colloquy should be ordered in this case due to the deficiency of the evidence introduced by the State at the hearing on the multiple bill of information.
For the reasons stated above, the adjudication of the defendant as a multiple offender is reversed and this case is remanded to the district court in order for the defendant to be resentenced in accordance with the law.
REVERSED AND REMANDED.