KNOLL, Judge.
This case is before us on remand from the Louisiana Supreme Court, 472 So.2d 909, for the consideration of mitigating cir *939 cumstances under the provisions of LSA-C. Cr.P. Art. 894.1, although defendant was sentenced under LSA-R.S. 15:529.1 which fixes sentencing bounds; and, to further consider whether defendant’s sentence was legal, which defendant raised for the first time in his application for writ of certiorari to the Supreme Court.
The facts of the case are reported in State v. Miles, 464 So.2d 1126 (La.App. 3rd Cir.1985).
Defendant contends that the sentencing court failed to adequately consider the guidelines provided in LSA-C.Cr.P. Art. 894.1, and that the sentencing choice of 21 years without benefit of parole, probation or suspension of sentence is excessive and illegal.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
Correlative to our authority to review individual sentences is the trial court’s duty under C.Cr.P. Art. 894.1 to state for the record its reasons for sentence. State v. Tompkins, 429 So.2d 1385 (La.1983), on rehearing. Within the framework of the habitual offender statute the courts must attempt to individualize the sentence to the offender. State v. Montero, 433 So.2d 426 (La.App. 4th Cir.1983). Although the trial court need not articulate every aggravating and mitigating circumstance, the record must reflect that the sentencing guidelines were considered in the particularization of defendant’s sentence. State v. Vaughan, 377 So.2d 87 (La.1979). The trial court’s stated reasons for imposition of sentence are an aid to the reviewing court in reaching a determination of whether a particular sentence is excessive. State v. Bourgeois, 388 So.2d 359 (La.1980).
Defendant was convicted of simple burglary. Because of a prior conviction for theft, in which he received an 8 year sentence, defendant was adjudicated an habitual offender 2nd, LSA-R.S. 15:529.1 A(l), therefore, the possible sentence exposure was a minimum of 4 years and a maximum of 24 years.
At sentencing, the learned trial judge stated:
“I have your record before me which I would like to read into the record. It states that on July 26, 1943 you plead [sic] guilty to attempted aggravated jail break and were sentenced to five (5) years imprisonment: In 1946 you were convicted of grand larceny and were sentenced to two (2) years. In 1948 you were convicted of escape and were sentenced to two (2) years. In 1954 you were convicted of armed robbery and were sentenced to eight (8) years in prison. In 1957 you were again convicted of aggravated escape and sentenced to twelve (12) years. On September 16, 1974 you were convicted of the offense of theft of property having a value of over five hundred dollars ($500.00) and were sentenced to eight (8) years imprisonment, from which you were discharged on January 19, 1979. On April 13, 1983, the instant offense, you were convicted of the crime of simple burglary by a jury of six (6) people. You have several misdemeanor convictions rising out of the Alexandria City Court. You are convicted of disturbing the peace in 1974■ In 1974 you were convicted of carrying a concealed weapon. Again in 1974 you were convicted of driving under revocation. In 1972 you were convicted of the crime of simple crime against nature and were sentenced to eleven (11) months in the parish prison. On June 23, 1973 you received a speeding fine. On October 1, *940 1973 you were convicted of operating a vehicle with improper brakes. On June, '74, you were convicted of operating a vehicle with a revoked driver's license. On June Ip, 1974 you were convicted of driving while intoxicated. On June ... on July 22, 1974 you were convicted of driving with a revoked driver’s license. Mr. Miles, as I previously told the other defendant before me, it is this Court’s impression that you obviously do not intend to live by the rules of our society or the laws of this state or any other state. Probation or a short sentence is not an appropriate remedy for you. Your numerous convictions convince the Court that you have no intention whatsoever of abiding by the laws of this state or living in a society where the rest of us can live in peace and dignity. The Court has no ... I find no mitigating circumstances whatsoever in your record, sir. I find no mitigating circumstances to indicate to the Court it should lessen its’ [sic] sentence. Your conduct has caused serious harm. You were not acting under any provocation. You certainly have a history of prior delinquency and criminal activity, and you’ve not been a law abiding [sic] citizen any time during your life that this Court is aware of. And your conduct, from your record, is certainly likely to re-occur. The Court, in the trial of the offense with which you are charged, the Court notes that you aided and abetted two (2) young boys in committing a crime. You may not have induced them, but you certainly were a party to them. A man of your age [57], that is reprehensible in this Court’s mind. I am therefore sentencing you to the Department of Corrections to serve at hard labor for a period of twenty-one (21) years without benefit of parole, probation or suspension of sentence. ”
We conclude that the sentencing court took into consideration the provisions of C.Cr.P. Art. 894.1, including the mitigating factors, and did state for the record the reasons and factual basis for its sentencing choice. Further, in light of defendant’s extensive history of criminal conduct, we do not find that the sentencing court abused its sentencing discretion in imposing 21 years.
Although we do not find the sentence constitutionally excessive, we do find defendant’s sentence illegal because the sentence was imposed without benefit of parole, probation or suspension of sentence which is not authorized by R.S. 15:529.1. State v. Godfrey, 476 So.2d 1174 (La.App. 3rd Cir.1985). Therefore this case must be remanded to the trial court for resentenc-ing.
DECREE
For the foregoing reasons, defendant’s conviction is affirmed. This case is remanded to the trial court for resentencing consistent with the views expressed herein.
CONVICTION AFFIRMED.
SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.