WARD, Judge.
In this consolidated appeal, Anthony C. Lowery and Susan Thomas appeal their convictions of attempted possession of heroin.
Lowery and Thomas were arrested, along with four other individuals, when New Orleans Police Department narcotics officers executed a search warrant at an apartment in the Fisher Housing Project shortly after midnight on April 28, 1984. Immediately upon making a forced entry into the apartment, the police officers noticed that the door to one of the bedrooms was closed. An officer entered the bedroom and found Lowery and Thomas standing side by side and another person, Myles Washington,[1] jumping out of the window. Scattered about the bedroom were small foil packets and miscellaneous paraphernalia for processing heroin as well as two loaded revolvers and a sock containing $8,472.00 in cash. Laid out on top of a record album cover were two filled hypodermic syringes and $90.00 in cash. Neither Lowery nor Thomas had contraband or cash on their persons. Both had active needle marks on their arms. Evidence was presented at trial to show that neither Lowery nor Thomas lived in the apartment and that they had arrived at the scene together just a few minutes before the police.
First, we consider those assignments of error which are made by both defendants. They each contend that the Trial Judge erred in not suppressing the evidence because it was seized pursuant to an allegedly unconstitutional search. In State v. Washington, 482 So.2d 171 (La.App. 4th Cir.1986), this court considered the same issues Lowery and Thomas raise in the present appeal concerning the constitutionality of the search during which they were arrested along with Myles Washington and another person. We concluded in Washington: 1) that the affidavit upon which the search warrant was issued established probable cause; and 2) that the affiant officer’s alleged bad faith was irrelevant. Lowery’s counsel relies upon United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), which holds that an invalid warrant may be saved by an officer/affiant’s good faith. The warrant in this case was valid. Hence, Leon is inapplicable. Accordingly, defendants’ first assignment of error is without merit.
In the next assignment of error, both defendants contend that it was revers *728 ible error for the Trial Judge to permit a police officer to testify as an expert witness to an issue of ultimate fact. They argue that Officer Michael Chimento, whom the Trial Court qualified as an expert in the packaging, distribution and use of heroin, was led by the prosecutor to give his opinion regarding the purpose and use of the paraphernalia and narcotic evidence seized from the bedroom. The following questions and answers were objected to by defense counsel and the objections overruled:
Q. Now, if I set this up in this kind of arrangement, and I was to tell you that this money and these syringes — outside the plastic, of course — they were — this basket was here, the scale was about here, this was all lined up against the wall, exactly like these. These syringes were scattered among this, Mannitol here, and this is a white powder resembling Mannitol, and these packets were, again, scattered, the money here as in this arrangement all together in the same room, within about this much distance, okay, in your expert opinion, what would this appear to be?
* * * * * *
A. In my opinion, it would appear to be a set-up for an individual on a wholesale level distributing heroin, breaking down quantities to resale street value. He’s got a factory there.
Q. This is a factory?
A. Yes.
* * * * * *
Q. Would a place where you find a setup, with this amount of paraphernalia, would a large amount of small bills be unusual?
A. No, sir, not in my opinion.
Q. Why is that?
A. Because the different denominations which are going to be presented to the dealer for purchasing heroin are going to be presented — they’re not going to have all hundred dollar bills, or all thousand dollar bills. They deal in fives, tens, twenties, and ones, that type of thing. So, that’s what’s going to be present.
Q. What did you call two syringes that are filled like this?
A. Loaded fix.
Q. If you see two loaded fixes on an album cover with an amount of cash adding up to $90 stacked next to it, in your experience, what would that indicate?
A. Depending upon the set-up of the room, and the people present, and whatever, my opinion would be that an amount of money had been presented and contraband was being — a transaction was occurring. That’s my opinion.
The defendants argue that by this testimony Officer Chimento expressed his opinion as to their possession of heroin which was an ultimate issue for the jury to decide. They rely upon State v. Wheeler, 416 So.2d 78 (La.1982), State v. Montana, 421 So.2d 895 (La.1982), and State v. Dabney, 452 So.2d 775 (La.App. 4th Cir.1984), cases in which defendants were on trial for possession with intent to distribute narcotics and the convictions were reversed because police narcotics experts testified to their opinions upon guilt of possession with intent to distribute. In Wheeler, the expert responded affirmatively to the prosecutor’s question: “In your expert opinion what is the likelihood of this individual being involved in the distribution of marijuana?” Similarly, in Montana the expert was given a detailed fact situation identical to the actual facts of the case and on those facts testified that it was his opinion that “they had it for sale.” In Dabney, the expert testified that a person who possessed an amount of drugs such as that found on the defendant did not possess for personal use. In contrast to the testimony in these cases, which was so prejudicial as to constitute reversible error, Officer Chimento merely described the scene of the arrest and gave no opinion as to whether Lowery or Thomas possessed heroin, the offense for which they were on trial.
As we explained in State v. Lard, 459 So.2d 1189 at 1193-94 (La.App. 4th Cir. *729 1984), writ denied 464 So.2d 1376 (La.1985):
The resolution of this contention requires an understanding of the proper roles of the expert witness and the jury. The purpose of an expert witness is to provide the jurors with a basis of knowledge, background information on the subject in issue not generally possessed by the public at large — knowledge the expert has gained through his specialized training or experience. The role of the jury is that of ultimate fact finder: the jurors relate the background knowledge imparted by the expert to the facts established by the evidence at trial and make a determination of the defendant’s guilt. The ultimate issue of guilt is to be decided by the jury, not by the expert witness. It is error for an expert witness to be permitted to testify beyond the scope of background knowledge and to express an opinion regarding whether illegal activity took place. An expert’s opinion on an ultimate fact is particularly prejudicial where the expert is one, such as an experienced police officer, in whose opinion the jurors would place great confidence and respect.
Although Officer Chimento was encouraged and permitted to testify regarding illegal activity, that is, the distribution of heroin, he did not testify regarding possession of heroin by the defendants. The jurors were free to form their own opinions regarding whether Lowery and Thomas possessed heroin, either rejecting, or accepting as they did in this case, the alleged inference and the ultimate fact of guilt from Officer Chimento’s expert opinion that the scene of the arrest was a heroin “factory” and that a “transaction was occurring.” We, therefore, reject this assignment of error.
We next consider the two assignments of error made only by Susan Thomas. She contends that the Trial Court was without jurisdiction to adjudicate her a multiple offender and that the Court made an error in sentencing.
Thomas’ argument that the Trial Court was without jurisdiction to rule on the multiple bill because she had filed a motion for appeal prior to the multiple bill hearing is without merit. The record shows that the multiple bill of information was filed on February 8, 1985. Thomas’ motion for appeal was filed on February 15,1985; however, the minute entry specifically notes that the motion was not signed on that date. The multiple bill hearing was held on May 22,1985, and after the hearing the Trial Judge signed the motion for appeal.
C.Cr.P. art. 916 provides in relevant part: The jurisdiction of the trial court is divested and that of the appellate court attaches, upon the entering of the order of appeal.
The order was entered in this case on May 22, after Thomas was adjudicated a multiple offender. Thus, the Trial Court had jurisdiction when it ruled on the multiple bill.
Nonetheless, we find error in the sentence imposed upon Susan Thomas in that she apparently is indigent and the sentence required her to serve additional time in prison if she is unable to pay court costs. The Trial Judge sentenced Thomas to serve 36 months in the custody of the Department of Corrections, and further, to pay $80.00 in court costs or to serve 30 days in Parish Prison in default of payment. Such a sentence cannot be imposed upon an indigent person. State v. Garrett, 484 So.2d 662 (La.1986); State v. Cleveland Williams, 484 So.2d 662 (La.1986). We presume from the fact of Thomas’ representation by counsel from the Orleans Indigent Defender Program that she is indigent. See, State v. Arthur Williams, Jr., 288 So.2d 319 (La.1974). Accordingly, Garrett and Cleveland Williams apply, and we must vacate the portion of Thomas’ sentence which imposes an additional 30 days imprisonment in default of payment of the court costs.
We next consider the assignments of error made by Anthony Lowery, the first being that the Trial Court erred in *730 admitting evidence of other crimes—the needle marks on Lowery’s arms—without holding a pre-trial hearing to determine admissibility of that evidence. The record shows that the State provided notice to Lowery’s counsel, in compliance with State v. Prieur, 277 So.2d 126 (La.1973), that evidence would be presented to show that Lowery had needle marks on his arms—implying, of course, that he used illicit drugs and therefore had the intent to possess heroin. The record is unclear, however, as to whether a pre-trial hearing was held on this issue of admissibility of the evidence of other crimes. Nonetheless, even if the issue was never considered before trial, in order for the admission of the evidence of other crimes to constitute reversible error a convicted defendant must both show specific prejudice arising out of the failure of the Trial Court to conduct a pre-trial hearing and prove that the evidence was inadmissible. State v. Bolton, 408 So.2d 250 (La.1981). Lowery proves no specific prejudice from the apparent lack of a pre-trial hearing, and we find the evidence admissible because it shows intent and is not unduly prejudicial. Accordingly, this assignment of error has no merit.
Lowery next contends that the Trial Court erred in allowing prosecution experts to testify concerning the value, packaging and distribution of heroin. Lowery argues that this testimony and the drug paraphernalia introduced into evidence were irrelevant because he and Ms. Thomas were charged with only possession, not distribution, of heroin.
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
La.R.S. 15:441.
Evidence of the street value of heroin and the ways in which it is packaged, distributed and used supports the inference that Lowery knew that the substance found in the tin foil packets and the syringes was heroin. The evidence, therefore, was relevant, and Lowery’s assignment of error is groundless.
Lowery next assigns as error the Trial Judge’s failure to give jury instructions he requested as well as the failure to instruct the jury that it was not confined to the evidence in reaching a verdict. Lowery requested four jury charges. The first three were given almost verbatim by the Trial Judge.
The fourth was:
Even a drug addict who may have marks indicating he had recently injected drugs is not proven guilty of possession merely by proof of his knowledge of its presence where he was, particularly if there is no evidence of prior dealings or of a relationship between the persons or that they were together for more than a few minutes.
Although this charge was not given verbatim, the Judge presented much of its substance in a lengthy description of constructive possession. A requested jury charge need not be given if its content is substantially covered by a general charge. C.Cr.P. art. 807; State v. Jones, 474 So.2d 919 (La.1985). We find that the general charge given in this case sufficiently instructed the jury as to the applicable law and proof required. Hence, the Trial Judge did not err in refusing to given Lowery’s requested charge.
Lowery next argues the jury charges are strikingly similar, if not identical, to those discussed by the Supreme Court in State v. Gibbs, 355 So.2d 1299 (La.1978). In that case, the Court found “patently erroneous” an instruction strictly confining the jury to the evidence presented and prohibiting the jurors from looking to extraneous facts or circumstances to find reasonable doubt. The Trial Judge in the instant case gave an instruction quite similar to that in Gibbs; however, he then added, “You may also take into consideration a lack of evidence, if you believe any exists.” He later reiterated the point, stat *731 ing, “You are to be governed exclusively by the evidence, or the lack of it....”
The Court in Gibbs found error in the instruction because
the jury is entitled to acquit because it disbelieves witnesses, because it is not convinced beyond a reasonable doubt, because of a lack of evidence as to an essential element of the crime, etc. The jury is not restricted to the evidence adduced from the witness stand for the creation of a reasonable doubt.
355 So.2d at 1301 n.1.
In charging the jury in Lowery’s case, the Judge adequately explained lack of evidence as well as the other grounds upon which the jury was entitled to acquit. We conclude that the lengthy instructions given, taken as a whole, did not confuse the jurors or mislead them into ignoring facts or circumstances which could have acquitted Lowery. We, therefore, reject the allegation that the jury charges were defective.
Lowery assigns two errors in his adjudication as a multiple offender under La.R.S. 15:529.1, pursuant to which he was given the same sentence he received for his original conviction, that is, four years imprisonment plus a $750.00 fine and costs, with additional imprisonment in default of payment. His first assignment, that the predicate offense if committed in Louisiana would not be a felony, is without merit because “sale of heroin,” the federal crime for which Lowery was convicted in 1975, is a felony under La.R.S. 40:966(A).
Lowery next contends that the State failed to prove, as required by La. R.S. 15:529.1(C), that five years had not elapsed between the expiration of the maximum sentence for the previous conviction and the commission of the last felony. The Louisiana Supreme Court has held that the “expiration of the maximum sentence” for the predicate offense occurs upon the convicted person’s final discharge from state supervision or custody. State v. Anderson, 349 So.2d 311 (La.1977). In a multiple bill proceeding, the State must present evidence of imprisonment and the date of discharge of the person by the certified proof prescribed by R.S. 15:529.1(F). Although the record shows that Lowery was found guilty on October 22, 1975 of violating the Federal Controlled Substances Act and sentenced to seven years imprisonment and a three year special parole term, the record does not show when Lowery was discharged from that sentence. Therefore, the State did not prove that five years had not elapsed and thus failed to prove a pri-ma facie case against Lowery on the multiple bill. We, therefore, vacate Lowery’s sentence as a multiple offender and reinstate Lowery’s original sentence of four years imprisonment and payment of a $750.00 fine with six months imprisonment in default of payment and court costs of $80.00 with 30 days imprisonment in default of payment. Because that sentence, for a first offense, was defective in that it was imposed without benefit of parole, probation or suspension of sentence, we amend it to provide that it be served without benefit of probation or suspension as provided by R.S. 40:966(C)(1).
Finally, we consider Lowery’s contention that the evidence was insufficient to support his conviction of attempted possession of heroin.
Evidence sufficient to convict for the crime of possession of a controlled substance must show the defendant actually possessed the substance or exercised constructive possession by having it under his control or dominion. State v. Alford, 323 So.2d 788 (La.1975). Because the evidence did not show that Lowery was in actual possession of heroin, the State sought to prove Lowery’s guilt by showing he was in constructive possession of heroin. Additionally, an attempt to commit an offense requires proof of an act or omission for the purpose of and tending directly toward the accomplishment of the offense. La.R.S. 14:27.
The evidence which the jury considered in this case showed that: 1) Anthony Lowery and two other persons were *732 present in a room, to which the door was closed, where large quantities of heroin— foil packets and syringes — and $90.00 in currency were in open view, indicating to the prosecution’s expert witness that a transaction was occurring; 2) at the time of his arrest, Lowery had “active” but not bleeding needle marks on his arms, indicating in the opinion of the expert witness that Lowery was a drug user but that he had not injected drugs within five to fifteen minutes; 3) Lowery did not attempt to flee when the police entered the room; 4) Lowery did not live in the apartment and had arrived there only a few minutes before the police raid; and 5) Myles Washington, who apparently lived in the room and who fled when the police entered, pleaded guilty to possession of heroin. Viewing this evidence in the light most favorable to the prosecution, we believe rational jurors could have found Lowery guilty beyond a reasonable doubt of the crime of attempted possession of heroin.
For the foregoing reasons, we affirm the conviction of Susan Thomas and her sentence to 36 months imprisonment. We vacate the portion of her sentence requiring her to pay court costs or to serve an additional 30 days in default of payment. We affirm the conviction of Anthony Lowery for attempted possession of heroin. We reverse his conviction as a multiple offender and vacate his sentence on the multiple bill. We sentence him to four years imprisonment without benefit of probation or suspension of sentence and to payment of a fine of $750.00 with six months imprisonment in Orleans Parish Prison in default of payment and payment of court costs of $80.00 with 30 days imprisonment in Orleans Parish Prison in default of payment.
AS TO SUSAN THOMAS, CONVICTION AFFIRMED, SENTENCE AMENDED; AS TO ANTHONY LOWERY CONVICTION OF ATTEMPTED POSSESSION OF HEROIN AFFIRMED, CONVICTION ON MULTIPLE BILL REVERSED, SENTENCE AMENDED.

. Washington was apprehended by officers outside the apartment. He pleaded guilty to possession of heroin and to being a convicted felon in possession of a firearm. His conviction was affirmed in an appeal from the denial of a motion to suppress evidence. State v. Washington, 482 So.2d 171 (La.App. 4th Cir.1986).