BYRNES, Judge.
The defendant, Kevin Hawkins, was charged by bill of information with armed *926 robbery, a violation of R.S. 14:64, and pled guilty on March' 19, 1985. After sentencing, the State filed a multiple bill under R.S. 15:529.1(D) based on the defendant’s earlier conviction for simple robbery.
The defendant filed a motion to quash the multiple bill which was denied. At the multiple bill hearing, the judge found that Hawkins was a second offender and that all constitutional protections had been afforded him at his previous conviction and sentencing. He was then sentenced as a second offender to 33 years at hard labor without benefit of parole, probation, or suspension of sentence. This appeal followed.
The defendant alleges only one assignment of error, namely that the trial court erred when it denied his motion to quash the multiple bill. Hawkins contends that the denial of his motion was error due to the district attorney’s unconstitutional failure to exercise discretion in choosing when to file a multiple bill. After a review of the record, we find no support for the defendant’s allegation and affirm his conviction.
La.R.S. 15:529.1(D) provides in part that:
If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction ... (emphasis added)
Additionally, Code of Criminal Procedure Article 61 provides as follows:
Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when and how he shall prosecute.
Defendant argues that the word “may” in R.S. 15:529.1(D) is controlling in that the district attorney must use his discretion when deciding whether or not to apply the statute. He further argues that the policy of the Orleans Parish District Attorney’s Office defeats the legislative will by applying the statute to all persons who qualify as multiple offenders. The record does not support this argument.
At the hearing on the motion to quash the multiple bill, an assistant district attorney testified that the policy of the Orleans Parish District Attorney in applying R.S. 15:529.1 is that “[i]f a defendant is eligible to be Multiple Billed it is our policy to Multiple Bill him unless there is some other good reason not to do so.” This testimony supports a finding that the District Attorney’s office does exercise discretion in deciding when to apply the multiple bill statute.
In State v. Gray, 461 So.2d 389 (La.App. 4th Cir.1984), an analgous situation arose concerning a multiple bill and the District Attorney’s exercise of discretion in applying the statute. In Gray, as in the present case, the testimony from the District Attorney's office “... indicated that multiple bills are not filed in all cases and that certain considerations are taken into account in all cases.” Gray, supra at 390. In the instant case, the assistant district attorney’s testimony indicating that “other good reason[s]” are considered when deciding whom to multiple bill is sufficient to show that the statute is applied with discretion.
For the reasons stated above, we find that the motion to quash the multiple bill was properly denied, and that the defendant failed to show that the Orleans Parish District Attorney’s office does not use discretion in applying R.S. 15:529.1.
We have also reviewed the record of defendant’s conviction for errors patent and find no errors. The conviction and sentence are therefore affirmed.
AFFIRMED.