517 So.2d 1096 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mark BATTISTA, Defendant-Appellant.
No. CR86-1284.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
*1097 Tillman, Fontenot, Tony C. Tillman, Leesville, for defendant-appellant.
William C. Pegues, III, Dist. Atty., DeRidder, for plaintiff-appellee.
Before FORET, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Defendant, Mark Battista, appeals his jury conviction for possession of methamphetamine, a violation of LSA-R.S. 40:967(C), and his adjudication as an Habitual Offender (Second), a violation of LSA-R.S. 15:529.1. Defendant was sentenced to serve eight years at hard labor with credit for time served. Defendant appeals, contending the trial court erred in: (1) denying his motion for continuance; (2) admitting the State's evidence without establishing a proper chain of custody; (3) finding him an habitual offender; (4) concluding defendant knowingly and intelligently waived his constitutional rights in pleading guilty to his first conviction which formed the basis for *1098 his adjudication as an habitual offender (Second); (5) disallowing defendant's testimony at the habitual offender hearing relative to his understanding of the constitutional rights he waived in connection with his first conviction; (6) using defendant's first criminal conviction when at that time the trial court failed to advise him that his guilty plea to this felony could subsequently be used to enhance a sentence under the habitual offender law; and (7) imposing an excessive sentence. We affirm.

MOTION FOR CONTINUANCE
Defendant contends that the trial judge erred in denying his motion for a continuance filed the day before his trial commenced. Defendant argues that he did not have adequate time to confer with his attorney and prepare his defense.
Applicable to this issue are the following codal provisions:
LSA-C.Cr.P. Art. 707
"A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice."
LSA-C.Cr.P. Art. 712
"A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor."
LSA-C.Cr.P. Art. 713
"A motion for a continuance based upon peremptory grounds as provided by law shall be granted."
Defendant's written motion alleged no peremptory grounds for a continuance. Accordingly, pursuant to C.Cr.P. Art. 712 the granting of the motion was within the discretion of the trial judge. The denial of a motion for continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice. State v. Benoit, 440 So.2d 129 (La.1983).
The record reflects the following chronology: At arraignment on February 28, 1986, defendant declined the appointment of counsel and advised the court that he would retain counsel for his trial. On April 28, 1986, the initial trial date, defendant informed the trial court of his inability to secure counsel; accordingly, counsel was appointed and trial was rescheduled for the week beginning May 19, 1986. On May 21, 1986, the afternoon prior to the commencement of trial, appointed counsel filed a motion for continuance, alleging that because of the limited time between his appointment and trial, namely 21 days, and his participation in a manslaughter trial on May 19 through May 21, 1986, he had inadequate time for trial preparation. Furthermore, on the day of trial retained counsel appeared in court, seeking to enroll as counsel conditioned on the trial court granting a continuance.
In State v. Seiss, 428 So.2d 444 (La.1983), the Supreme Court stated:
"Defendant's right to the assistance of counsel is guaranteed by both the federal and state constitutions. U.S. Const. Amend. VI; La. Const. of 1974, art. I, § 13. Further, the right of a defendant to counsel of his choice has been implemented by C.Cr.P. 515, which provides:
`Assignment of counsel shall not deprive the defendant of the right to engage other counsel at any stage of the proceedings in substitution of counsel assigned by the court. The court may assign other counsel in substitution of counsel previously assigned or specially assigned to assist the defendant at the arraignment.'
This court has consistently held that this right cannot be manipulated to obstruct the orderly procedure of the courts and cannot be used to interfere with the fair administration of justice.... Defendant must exercise his right to counsel of his choice at a reasonable time, in a reasonable manner and at an appropriate stage of the proceedings.... Absent a justifiable basis, `[t]here is no constitutional *1099 right to make a new choice of counsel on the very date the trial is to begin, with the attendant necessity of a continuance and its disrupting implications.' Once the trial date has arrived, the question of withdrawal of counsel largely rests with the discretion of the trial court, and his ruling will not be disturbed in the absence of a clear showing of abuse of discretion." (Citations omitted.)
The record preponderates that the impetus for appointed counsel's motion for continuance was the lack of contact with defendant. It is equally clear that defendant's own efforts in attempting to retain counsel was the reason for this lack of contact. Therefore, since defendant's own actions limited the time for preparation of a defense, we conclude that the trial court did not abuse its discretion in denying the motion for continuance.
Moreover, defendant failed, to establish any specific prejudice caused by denial of the motion. Defense counsel had 21 days to prepare for trial. Though no preliminary motions were filed, the record establishes that the State turned over its entire file for examination by appointed counsel. Accordingly, this assignment of error lacks merit.

CHAIN OF CUSTODY
Defendant next contends that the trial court erred in admitting physical evidence without first requiring the State to establish a proper chain of custody. In particular, defendant argues with reference to the introduction into evidence of items numbered 1, 3, 4, 8, 9, 15, 16, 17 and 18.
The failure to object to the introduction of evidence at the time it is offered operates as a waiver of any complaint on appeal. LSA-C.Cr.P. Art. 841; State v. Kinchen, 342 So.2d 174 (La.1977). Our review of the record establishes that Items 1, 3, 4, 8, 9, 15, 16 and 17 were admitted without objection. Accordingly, objections raised to these particulars are not now properly before this court for appellate review.
Item S-18 is a card which contains defendant's fingerprints taken in the Beauregard Parish Jail on the date of his arrest.
Defendant objected to the introduction of this evidence at trial on the grounds that the State failed to lay a proper foundation for its introduction.
Before an item can be admitted into evidence, a foundation must be laid which establishes that it is more probable than not that the evidence is connected with the case and that it has some relevance which the trial court considers sufficient to warrant its introduction. That foundation can be established by chain of custody or by visual identification. Once that foundation is established, ultimate connexity is a factual matter determined by the jury. State v. Prestridge, 399 So.2d 564 (La.1981). The ruling of the trial court relative to admissibility will not be disturbed on appeal unless there has been an abuse of discretion. State v. Robinson, 471 So.2d 1035 (La.App. 1st Cir.1985), writ denied, 476 So.2d 350 (La.1985).
Defendant argues that the police officer who attempted to identify the card could not explain certain markings on the card and did not testify as to the possession of the card subsequent to the time it was obtained. Officer Jerome Rector identified his signature on the card as well as defendant's and stated that on the day of arrest he witnessed defendant putting his fingerprints on the card. This evidence firmly identified the card, whose prints it contained and the date it was taken.
Though defendant did question certain markings on the card not placed by either Officer Rector or defendant, a fact later explained by the fingerprint analyst who used this card as a benchmark for the comparison of earlier copies of defendant's prints, defendant never queried the witness about the subsequent custody of the card. A new basis for an objection cannot be raised for the first time on appeal. State v. Fowlkes, 352 So.2d 208 (La.1977).
After thoroughly examining the record, we conclude the fingerprint card was identified, and its relevance established. Therefore the trial court did not err in allowing its introduction into evidence.

*1100 HABITUAL OFFENDER
Defendant contends the State failed to prove the date of defendant's discharge from the prior conviction being used to enhance the present sentence. Relying on State v. Lowery, 491 So.2d 726 (La.App. 4th Cir. 1986), writ denied 496 So.2d 348 (La.1986), and State v. Killion, 483 So.2d 1281 (La.App. 4th Cir.1986), writ denied, 492 So.2d 1215 (La.1986), defendant argues that because the State failed to show the date of his discharge it did not prove that the 5 year cleansing period established by LSA-R.S. 15:529.1(C) had not elapsed.
R.S. 15:529.1(C) provides:
"C. This Section shall not be applicable in cases where more than five years have elapsed since the expiration of the maximum sentence, or sentences, of the previous conviction, or convictions, and the time of the commission of the last felony for which he has been convicted. In computing the period of time as provided herein, any period of servitude by a person in a penal institution, within or without the state, shall not be included in the computation of any of said five year periods."
In State v. Anderson, 349 So.2d 311 (La. 1977), the Louisiana Supreme Court held that the maximum sentence referred to above was not necessarily the sentence imposed by the trial court, but was the actual sentence served whether it was diminished by good time or increased by revocation of parole or probation.
In the present case the State proved that defendant was placed on five years probation for his conviction on September 8, 1980, and was not charged with the second felony until February 3, 1986, a period in excess of five years. Defendant conjectures that he was discharged early, a possibility not disproven by the State. We disagree. The record reflects that Dave Williams, defendant's probation officer, testified that as of October 31, 1986, the date of the habitual offender hearing, defendant was still under the supervision of the State. "It is not until the date of actual discharge that the individual has fully paid his debt to society,...." State v. Anderson, supra. It is clear, therefore, that at the time of the habitual offender hearing the five year cleansing period provided by R.S. 15:529.1(C) had not yet even commenced.

ASSIGNMENTS ABANDONED
Defendant failed to brief assignments of error 4 and 5. Assignments of error not briefed are considered abandoned. State v. Michel, 422 So.2d 1115 (La.1982).

FIRST CONVICTION BOYKIN RIGHTS
In his next argument defendant contends that his guilty plea in 1980 cannot be used as a conviction to enhance his present sentence under the habitual offender law because at the time he entered that plea he was not advised that his conviction could later be used in that manner. For the following reasons we find no merit in this argument.
The State is required to present a record, made contemporaneously with a trial court's acceptance of defendant's plea, that shows that defendant, in the first conviction, effectively waived those constitutional rights required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). State v. Bland, 419 So.2d 1227 (La.1982). The rights which must be knowingly and expressly waived are the right against self-incrimination, the right of confrontation, the right to trial, and the right to counsel. State v. Baker, 471 So.2d 945 (La.App. 2nd Cir.1985). A conviction based on such a guilty plea can, thus, be used for enhancing sentences. State v. Tucker, 405 So.2d 506 (La.1981).
As is evident from the above, defendant's contention has no merit because the jurisprudence has not extended Boykin to require counseling that the guilty plea may later be used to enhance the penalty of a subsequent conviction.

EXCESSIVENESS OF SENTENCE
Defendant contends that the sentencing choice of eight years is excessive.
In State v. Miles, 482 So.2d 938 (La.App. 3rd Cir.1986), writ denied, 494 So.2d 1173, (La.1986), we stated:

*1101 "Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
Correlative to our authority to review individual sentences is the trial court's duty under C.Cr.P. Art. 894.1 to state for the record its reasons for sentence. State v. Tompkins, 429 So.2d 1385 (La. 1983), on rehearing. Within the framework of the habitual offender statute the courts must attempt to individualize the sentence to the offender. State v. Montero, 433 So.2d 426 (La.App. 4th Cir. 1983). Although the trial court need not articulate every aggravating and mitigating circumstance, the record must reflect that the sentencing guidelines were considered in the particularization of defendant's sentence. State v. Vaughan, 377 So.2d 87 (La.1979). The trial court's stated reasons for imposition of sentence are an aid to the reviewing court in reaching a determination of whether a particular sentence is excessive. State v. Bourgeois, 388 So.2d 359 (La.1980)."
Defendant was convicted of possession of methamphetamine. Because of a prior felony conviction for cruelty to a juvenile, for which he received a five year suspended sentence and five years supervised probation, defendant was adjudicated an habitual offender second. Therefore under R.S. 15:529.1 the range of the sentence for his later conviction was from a minimum of 20 months to a maximum of 10 years.
In light of defendant's contention that his sentence is disproportionately severe, we have carefully reviewed the record and find the sentencing court articulated a well reasoned determination for its sentencing choice of 8 years. Moreover, we further find the record overwhelmingly supports the sentencing choice. Defendant had a prior criminal record, including a conviction for possession of marijuana, and the evidence indicates that in the present case defendant was actually manufacturing methamphetamine. As part of his sentence in 1980 defendant was also required to undergo treatment for drug abuse because he admitted having a drug problem. Nonetheless defendant returned to the use of drugs and when arrested on the present charges a shotgun and automatic pistol were seized from the scene of the arrest. As a result, at the time of sentencing, further charges were pending in another parish against defendant for possession of a firearm by a convicted felon.
In view of the wide discretion granted a sentencing court in imposing its sentencing choice within the statutory limits, we find that defendant's sentence is not so disproportionate as to shock our sense of justice and does not constitute an abuse of the sentencing court's discretion. Therefore we conclude defendant's sentence is not constitutionally excessive.

DECREE
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.