ARMSTRONG, Judge.
The defendant, Henry J. Oliver, was charged by bill of information with two counts of armed robbery, a violation of LSA-R.S. 14:64. Defendant’s first trial was declared a mistrial because the jury was unable to reach a verdict. Following a second trial by a twelve member jury the defendant was found guilty as charged on both counts. He was sentenced to serve thirteen (13) years at hard labor on each count without benefit of parole, and with credit for time served. Sentences were to run concurrently. Pursuant to a multiple bill filed by the State, the trial judge set aside defendant’s original sentence and sentenced him as an habitual offender under LSA-R.S. 15:529.1. The trial judge declared the minimum statutory sentence unconstitutionally excessive, and sentenced the defendant to seventeen (17) years at hard labor.
This court subsequently granted the State’s writ application and vacated the sentence. See: State v. Henry J. Oliver, unpub., K-7283, (La.App. 4th Cir. March 6, 1987). The defendant was then resen-tenced to serve the statutory minimum of thirty-three (33) years at hard labor, with credit for time served. Defendant appeals both his conviction and sentence. We affirm.
FACTS
The record reflects that on September 28, 1985, Sheldon Jones (“Jones”) and his cousin, Lloyd Ruffin (“Ruffin”), were waiting at a bus stop after attending a high school football game when two men approached them and began what appeared to be an inconsequential conversation. Suddenly one of the men, later identified as the defendant, opened a large book that he was carrying and revealed a gun. The defendant grabbed the handle of the gun and instructed Jones and Ruffin to walk behind some nearby bushes. He threatened to “pop” them if they did not obey. Ruffin and Jones were then ordered to turn over their money and jewelry. They complied, but Ruffin asked if he could have bus fare home. The defendant gave him sixty cents and told the victims to start running. They spent the night at Jones’ (Ruffin’s Aunt) home. The next day, Ruffin and Jones decided to report the incident to the police and did so at a police station.
On the same day a photographic line-up was then conducted at Jones’ mother's house. Jones quickly identified defendant as one of the armed robbers. Ruffin on the other hand recognized the picture but, was not one hundred per cent certain that it was the same perpetrator.
On December 29, 1985, officer Ricardo Smith recognized the defendant as a suspect in armed robberies that had occurred in the area. As he drove in a marked police car to get a better look, the defendant fled. After a brief chase, the defendant allowed the officer to arrest him.
A review of the record reflects that there are no errors patent.
ASSIGNMENT OF ERROR NUMBER ONE
By this assignment of error, the defendant contends that the statutory sentencing scheme under LSA-R.S. 15:529.1 erroneously required the trial court to impose an unconstitutionally excessive sentence when it sentenced him to thirty-three (33) years at hard labor. However, the *397 Louisiana Supreme Court has consistently held that the enhanced penalties under LSA-R.S. 15:529.1 are valid limitations on the sentencing considerations set forth in LSA-C.Cr.P. Art. 894.1. State v. Lawson, 410 So.2d 1101 (La.1982); State v. Montero, 433 So.2d 426, 428 (La.App. 4th Cir.1983). Furthermore, it has been held that enhanced penalties imposed under LSA-15:529.1 do not constitute cruel and unusual punishment, State v. Cobbs, 350 So.2d 168 (La.1977), nor are the statutory minimum sentences under the multiple bill considered excessive. State v. Richardson, 459 So.2d 31 (La.App. 1st Cir.1984).
The Habitual Offender Law has likewise been upheld against attacks that it deprives the trial judge of control over sentencing. State v. Badon, 338 So.2d 665 (La.1976). The defendant argues, however, that in State v. Holmes, 504 So.2d 589 (La.App. 4th Cir.), writ denied 506 So.2d 1223 (1987) this court recognized that the trial judge retains sentencing discretion in a multiple bill proceeding by determining the status of the offender and concludes that the trial judge in the instant case was merely attempting to exercise that discretion by imposing a sentence of his chosing. We find the two cases distinguishable. In Holmes the trial court found the defendant to be a second rather than a fourth offender and imposed sentence within the statutory range. However, in the case before us, the trial court, after finding the defendant to be a second offender, initially imposed a lesser sentence than mandated by the statute. This court already has held that this action on the part of the trial judge was error. State v. Henry J. Oliver, supra.
The defendant also maintains that the state failed to exercise prosecutorial discretion by filing a multiple bill in all cases which qualify, including that of defendant. This court recently has reviewed this identical issue and found it to be without merit. State v. Hawkins, 508 So.2d 925 (La.App. 4th Cir.1987). See also State v. Badon, supra.
ASSIGNMENT OF ERROR NUMBER TWO
By this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial based upon references to “other crimes” made during the arresting police officer’s testimony. The defendant raises as error the testimony of officer Richardo Smith, which was:
Q At approximately 10 p.m. what, if anything, did you observe in the 2600 block of Gentilly Boulevard that caught your attention?
A I observed the subject walking eastbound on Gentilly Boulevard, and the subject fit the description of a subject we were looking for—
BY MR. SMITH: Objection.
BY THE COURT: It’s overruled.
EXAMINATION BY MR. FRENKEL:
Q Okay. Please continue.
A —we were looking for several armed robbers in the District.
BY MR. SMITH: Objection. May I approach the bench. Objection.
BY THE COURT: It’s overruled. He has answered the question.
We do not find that this testimony mandates the sanctions specified in either C.Cr.P. art. 770 or 771. A subject matching defendant’s description was being sought by the police in connection with the two armed robberies charged in this case. The officer’s statement was an obscure reference at best and given without explanation or elaboration. It does not foster a conclusion that defendant was being sought for any crimes other than those for which he was standing trial. See State v. Tribbet, 415 So.2d 182, 185 (La.1982). We find this assignment of error to be without merit.
Lastly, defendant submits in his pro se supplemental brief seven assignments of error in which he basically challenges the sufficiency of the evidence presented by the State at trial. He argues that the eyewitness testimony of the two victims was not credible since the book and the gun used in the armed robbery were never found. We disagree.
To support a conviction for armed robbery, the State must prove that there was *398 (1) a taking, (2) of anything of value, (3) from the person of or in the immediate control of another, (4) by use of force or intimidation, (5) while armed with a dangerous weapon. LSA-R.S. 14:64.
Having reviewed the facts and testimony in this case we find that the evidence presented, when seen is the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
For the foregoing reasons the conviction and sentence of Henry J. Oliver are affirmed.